**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| Ceres Protein, LLC, et. al., | : |
| | : |
|      Plaintiffs, | :    Case No. 3:14-cv-491-R |
| | : |
|      v. | :    Judge Russell |
| | : |
| Thompson Mechanical & Design, et al. | : |
| | :    **JURY DEMAND ENDORSED HEREON** |
|      Defendants/Counterclaimant/ | : |
|      Third-Party Complainant | : |
| | : |
|      v. | : |
| | : |
| Michael Tarullo, Jr. | : |
| 219 Smithfields Road | : |
| Indian Hills, Kentucky 40207 | : |
| | : |
|      Third-Party Defendant, | : |
| | : |
|      and | : |
| | : |
| John Does 1-5 | : |
| Names Unknown | : |
| Addresses Unknown | : |
| | : |
|      Defendants, | : |
| | : |
|      and | : |
| | : |
| ABC Corporations 1-5 | : |
| Names Unknown | : |
| Addresses Unknown | : |
| | : |
|      Defendants. | : |

**ANSWER, COUNTERCLAIM, AND THIRD-PARTY COMPLAINT OF DEFENDANTS**
**THOMPSON MECHANICAL & DESIGN, BARRY R. THOMPSON, AND ROBERT B.**
**THOMPSON TO PLAINTIFFS' COMPLAINT**

     Now come Defendants Thompson Mechanical & Design, Barry R. Thompson, and

Robert B. Thompson, by and through their undersigned counsel, and in Answer to Plaintiffs'

Complaint, hereby makes the following admissions, denials and averments, to wit:

**FIRST DEFENSE**

1.      In response to paragraph 1 of Plaintiffs' Complaint, Defendants admit that as early as the fall of 2012, Michael D. Tarullo, Sr., Barry Thompson, Robert Thompson, and Michael D. Tarullo, Jr. discussed forming a business that would take distillery by-products and dry them using intellectual property created by Barry Thompson.  Defendants further admit that Barry Thompson is the inventor of patent 8,561,315, Solar Grain Drying System and Method. Defendants also admit that the anticipated new business venture among Michael D. Tarullo, Sr., Barry Thompson, Robert Thompson, Michael D. Tarullo, Jr., and Roger Shannon would pay a licensure fee for the use of Barry Thompson's intellectual property.  Defendants further admit Michael D. Tarullo, Sr., Barry Thompson, and Robert Thompson, individually and/or through their respective businesses, were to be members of the new business venture.  Defendants also admit that neither they nor any of their businesses ever became members of Ceres Protein LLC. Defendants deny all remaining allegations contained within said paragraph not expressly admitted herein.

2.      In response to paragraph 2 of Plaintiffs' Complaint, Defendants admit that Thompson Mechanical & Design billed Ceres Protein LLC, Michael D. Tarullo, Jr., Roger Shannon, and Michael D. Tarullo, Sr. $175,000 for services rendered.  Defendants deny all remaining allegations contained within said paragraph not expressly admitted herein.

3.      In response to paragraph 3 of Plaintiffs' Complaint, Defendants admit that Roger Shannon is the CFO and Treasurer of Steel Technologies, LLC.  Defendants further admit that Barry Thompson placed phone calls and sent correspondence to Michael J. Carroll, President and CEO of Steel Technologies LLC.  Defendants further admit that Barry Thompson sent correspondence to the Board of Directors of Steel Technologies, and the CEOs and Board of

2

Directors of Nucor Corporation and Mistui & Co. (USA) Inc. To the extent Plaintiffs are referencing specific language contained within correspondence sent by Barry Thompson to a third-party in paragraph 3 of Plaintiffs' Complaint that language speaks for itself and does not require a response. Defendants deny all remaining allegations contained within said paragraph not expressly admitted herein.

4.      In response to paragraph 4 of Plaintiffs' Complaint, Defendants admit that Ceres Protein LLC was a Kentucky limited liability company with its principal place of business in Louisville, Kentucky. Defendants further admit that the Kentucky Secretary of State's website indicates that Ceres Protein LLC is in the process of being dissolved and is in bad standing. Further responding, Defendants are without sufficient knowledge or information to admit or deny the allegation that Ceres Protein LLC is an active Kentucky limited liability company contained within said paragraph and accordingly deny the same. Defendants deny all remaining allegations contained within said paragraph not expressly admitted herein.

5.      In response to paragraph 5 of Plaintiffs' Complaint, Defendants admit that Roger Shannon is a resident of Louisville, Kentucky, was a member of Ceres Protein LLC, and is the CFO and Treasurer of Steel Technologies LLC. Defendants are without sufficient knowledge or information to admit or deny the allegation that Roger Shannon is currently a member of Ceres Protein LLC as contained within said paragraph and accordingly deny the same. Defendants deny all remaining allegations contained within said paragraph not expressly admitted herein.

6.      In response to paragraph 6 of Plaintiffs' Complaint, Defendants admit that Thompson Mechanical & Design is an active Ohio Partnership between Barry and Robert Thompson that maintains a PO Box in Columbus, Ohio. Defendants deny all remaining allegations contained within said paragraph not expressly admitted herein.

7.     In response to paragraph 7 of Plaintiffs' Complaint, Defendants admit that Barry Thompson is a resident of Dublin, Ohio.

8.     In response to paragraph 8 of Plaintiffs' Complaint, Defendants admit that Robert Thompson is a resident of Dublin, Ohio.

9.     In response to paragraph 9 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations contained within said paragraph and accordingly deny the same.

10.     In response to paragraph 10 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations contained within said paragraph and accordingly deny the same.

11.     In response to paragraph 11 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations contained within said paragraph and accordingly deny the same.

12.     In response to paragraph 12 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations contained within said paragraph and accordingly deny the same.

13.     In response to paragraph 13 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations contained within said paragraph and accordingly deny the same.

14.     In response to paragraph 14 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations contained within said paragraph and accordingly deny the same.

15.    In response to paragraph 15 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations contained within said paragraph and accordingly deny the same.

16.    In response to paragraph 16 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations contained within said paragraph and accordingly deny the same.

17.    In response to paragraph 17 of Plaintiffs' Complaint, Defendants admit that in the fall of 2012, Michael D. Tarullo, Sr., Barry Thompson, Robert Thompson, and Michael D. Tarullo, Jr. discussed forming a business that would handle all phases of handling whole stillage, distiller grain processing, and waste handling including logistics and operations using intellectual property created by Barry Thompson.  Defendants further admit that Barry Thompson is an engineer.  Defendants deny all remaining allegations contained within said paragraph not expressly admitted herein.

18.    In response to paragraph 18 of Plaintiffs' Complaint, Defendants admit that Barry Thompson is the inventor of patent 8,561,315, Solar Grain Drying System and Method, which can be used to dry distillery by-products.  Defendants further admit that patent 8,561,315 is currently assigned to Legacy Design, LLC.  To the extent Plaintiffs are referencing specific applications and/or processes, etc. that are protected by patent 8,561,315 in paragraph 18 of Plaintiffs' Complaint, such language speaks for itself and does not require a response. Defendants deny all remaining allegations contained within said paragraph not expressly admitted herein.

19.    In response to paragraph 19 of Plaintiffs' Complaint, Defendants admit that Barry Thompson stated that he and/or his companies were able to reduce the moisture content of

distillery by-products to approximately 12% through the use of his and/or his companies' intellectual property.  Defendants further admit that patent 8,561,315 had previously been implemented to dry grain harvested from a field.  Defendants deny all remaining allegations contained within said paragraph not expressly admitted herein.

20.     In response to paragraph 20 of Plaintiffs' Complaint, Defendants admit that the anticipated new business venture would pay a licensure fee for the use of Barry Thompson's intellectual property.  Defendants further admit Michael D. Tarullo, Sr., Barry Thompson, and Robert Thompson, individually and/or through there respective businesses were to be members of the new business venture.  Defendants deny all remaining allegations contained within said paragraph not expressly admitted herein.

21.     In response to paragraph 21 of Plaintiffs' Complaint, Defendants admit that there were discussions among Michael D. Tarullo, Sr., Barry Thompson, Robert Thompson, Michael D. Tarullo, Jr., and Roger Shannon that Michael D. Tarullo, Sr., Barry Thompson, and Robert Thompson, individually and/or through there respective businesses, were to be members of the new business venture.   Defendants deny all remaining allegations contained within said paragraph not expressly admitted herein.

22.     In response to paragraph 22 of Plaintiffs' Complaint, Defendants deny all allegations contained within said paragraph.

23.     In response to paragraph 23 of Plaintiffs' Complaint, to the extent Plaintiffs are referencing specific documents in paragraph 23 of Plaintiffs' Complaint, those documents speak for themselves and do not require a response.  Defendants deny all remaining allegations contained within said paragraph.

6

24.     In response to paragraph 24 of Plaintiffs' Complaint, to the extent Plaintiffs are referencing specific documents in paragraph 24 of Plaintiffs' Complaint those documents speak for themselves and do not require a response.   Defendants deny all remaining allegations contained within said paragraph.

25.     In response to paragraph 25 of Plaintiffs' Complaint, to the extent Plaintiffs are referencing specific documents in paragraph 25 of Plaintiffs' Complaint, those documents speak for themselves and do not require a response.   Defendants deny all remaining allegations contained within said paragraph.

26.     In response to paragraph 26 of Plaintiffs' Complaint, Defendants admit that on December 2, 2013, Roger Shannon emailed a document titled, "Request for Proposal," to Barry Thompson.  To the extent Plaintiffs are referencing the Request for Proposal in paragraph 26 of Plaintiffs' Complaint, that document speaks for itself and does not require a response. Defendants deny all remaining allegations contained within said paragraph not expressly admitted herein.

27.     In response to paragraph 27 of Plaintiffs' Complaint, to the extent Plaintiffs are referencing specific documents in paragraph 27 of Plaintiffs' Complaint, those documents speak for themselves and do not require a response.   Defendants deny all remaining allegations contained within said paragraph.

28.     In response to paragraph 28 of Plaintiffs' Complaint, to the extent Plaintiffs are referencing specific documents in paragraph 28 of Plaintiffs' Complaint, those documents speak for themselves and do not require a response.   Defendants deny all remaining allegations contained within said paragraph.

29.     In response to paragraph 29 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations contained within said paragraph and accordingly deny the same.

30.     In response to paragraph 30 of Plaintiffs' Complaint, to the extent Plaintiffs are referencing specific documents in paragraph 30 of Plaintiffs' Complaint, those documents speak for themselves and do not require a response.   Defendants deny all remaining allegations contained within said paragraph.

31.     In response to paragraph 31 of Plaintiffs' Complaint, Defendants admit that on February 4, 2014, Thompson Mechanical & Design submitted a bill for services to Ceres Protein LLC, Roger Shannon, Michael Tarullo, Jr., and Michael D. Tarullo, Sr.   Defendants further admit that the February 4, 2014 bill requests $175,000 for services rendered.   To the extent Plaintiffs are referencing Thompson Mechanical & Design's February 4, 2014 bill in paragraph 31 of Plaintiffs' Complaint, that document speaks for itself and does not require a response. Defendants deny all remaining allegations contained within said paragraph not expressly admitted herein.

32.     In response to paragraph 32 of Plaintiffs' Complaint, to the extent Plaintiffs are referencing Thompson Mechanical & Design's February 4, 2014 bill in paragraph 32 of Plaintiffs' Complaint, that document speaks for itself and does not require a response. Defendants deny all remaining allegations contained within said paragraph.

33.     In response to paragraph 33 of Plaintiffs' Complaint, to the extent Plaintiffs are referencing Thompson Mechanical & Design's February 4, 2014 bill in paragraph 33 of Plaintiffs' Complaint, that document speaks for itself and does not require a response. Defendants deny all remaining allegations contained within said paragraph.

34.     In response to paragraph 34 of Plaintiffs' Complaint, Defendants deny all allegations contained within said paragraph.

35.     In response to paragraph 35 of Plaintiffs' Complaint, Defendants admit that on March 19, 2014, Thompson Mechanical & Design submitted a second bill for services to Ceres Protein LLC, Roger Shannon, Michael Tarullo, Jr., and Michael D. Tarullo, Sr.  Defendants further admit that the March 19, 2014 bill requests $175,000 for services rendered.  Defendants also admit that the March 19, 2014 bill reserved the right of Thompson Mechanical & Design to add interest and penalties to the amount past due.  To the extent Plaintiffs are referencing Thompson Mechanical & Design's March 19, 2014 bill in paragraph 35 of Plaintiffs' Complaint, that document speaks for itself and does not require a response.  Defendants deny all remaining allegations contained within said paragraph not expressly admitted herein.

36.     In response to paragraph 36 of Plaintiffs' Complaint, Defendants deny all allegations contained within said paragraph.

37.     In response to paragraph 37 of Plaintiffs' Complaint, Defendants admit in 2013, Robert Thompson exchanged emails with Fred White, an engineer at the Vincent Corporation. To the extent Plaintiffs are referencing emails exchanged between Robert Thompson and Fred White in paragraph 37 of Plaintiffs' Complaint, those documents speak for themselves and do not require a response.  Defendants deny all remaining allegations contained within said paragraph not expressly admitted herein.

38.     In response to paragraph 38 of Plaintiffs' Complaint, Defendants deny all allegations contained within said paragraph.

39.     In response to paragraph 39 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations regarding the Vincent

Corporation contained within said paragraph and accordingly deny the same.  Defendants deny all remaining allegations contained within said paragraph not expressly admitted herein.

40.     In response to paragraph 40 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations contained within said paragraph and accordingly deny the same.

41.     In response to paragraph 41 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations regarding Distillery A as it has not been sufficiently identified in Plaintiffs' Complaint for Defendants to reasonably know the identity of said distillery contained within said paragraph and accordingly deny the same.  Defendants deny all remaining allegations contained within said paragraph not expressly admitted herein.

42.     In response to paragraph 42 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations regarding Distillery A as it has not been sufficiently identified in Plaintiffs' Complaint for Defendants to reasonably know the identity of said distillery contained within said paragraph and accordingly deny the same.  To the extent Plaintiffs are referencing specific documents in paragraph 42 of Plaintiffs' Complaint, those documents speak for themselves and do not require a response.  Defendants deny all remaining allegations contained within said paragraph not expressly admitted herein.

43.     In response to paragraph 43 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations regarding Distillery A as it has not been sufficiently identified in Plaintiffs' Complaint for Defendants to reasonably know the identity of said distillery contained within said paragraph and accordingly deny the same.  To the extent Plaintiffs are referencing specific documents in paragraph 43 of Plaintiffs' Complaint,

those documents speak for themselves and do not require a response.  Defendants deny all remaining allegations contained within said paragraph not expressly admitted herein.

44.     In response to paragraph 44 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations regarding Distillery A as it has not been sufficiently identified in Plaintiffs' Complaint for Defendants to reasonably know the identity of said distillery contained within said paragraph and accordingly deny the same.  To the extent Plaintiffs are referencing specific documents in paragraph 44 of Plaintiffs' Complaint, those documents speak for themselves and do not require a response.  Defendants deny all remaining allegations contained within said paragraph not expressly admitted herein.

45.     In response to paragraph 45 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations regarding Distillery A, Distillery B, Distillery C, Distillery D, Distillery E, and Distillery F as these distilleries have not been sufficiently identified in Plaintiffs' Complaint for Defendants to reasonably know the identity of said distilleries contained within said paragraph and accordingly deny the same.  To the extent Plaintiffs are referencing specific documents in paragraph 45 of Plaintiffs' Complaint, those documents speak for themselves and do not require a response.  Defendants deny all remaining allegations contained within said paragraph not expressly admitted herein.

46.     In response to paragraph 46 of Plaintiffs' Complaint, Defendants admit that on April 1, 2014, Barry Thompson sent a correspondence to Michael Carroll, who is the President and CEO of Steel Technologies, LLC.  Defendants further admit that Roger Shannon is the CFO and Treasurer of Steel Technologies, LLC.  To the extent Plaintiffs are referencing Barry Thompson's April 1, 2014 correspondence to Michael Carroll in paragraph 46 of Plaintiffs'

11

Complaint, that document speaks for itself and does not require a response.  Defendants deny all remaining allegations contained within said paragraph not expressly admitted herein.

47.     In response to paragraph 47 of Plaintiffs' Complaint, to the extent Plaintiffs are referencing Barry Thompson's April 1, 2014 correspondence to Michael Carroll in paragraph 47 of Plaintiffs' Complaint, that document speaks for itself and does not require a response. Defendants deny all remaining allegations contained within said paragraph not expressly admitted herein.

48.     In response to paragraph 48 of Plaintiffs' Complaint, to the extent Plaintiffs are referencing Barry Thompson's April 1, 2014 correspondence to Michael Carroll in paragraph 48 of Plaintiffs' Complaint, that document speaks for itself and does not require a response. Defendants deny all remaining allegations contained within said paragraph not expressly admitted herein.

49.     In response to paragraph 49 of Plaintiffs' Complaint, Defendants admit on April 17, 2014, Barry Thompson sent correspondence to the Board of Directors of Steel Technologies, and the CEOs and Board of Directors of Nucor Corporation and Mistui & Co. (USA) Inc.  To the extent Plaintiffs are referencing Barry Thompson's April 17, 2014 correspondence to the Board of Directors of Steel Technologies, and the CEOs and Board of Directors of Nucor Corporation and Mistui & Co. (USA) Inc. in paragraph 49 of Plaintiffs' Complaint, that document speaks for itself and does not require a response.  Defendants are without sufficient knowledge or information to admit or deny the allegation that Mitsui & Co. (U.S.A.) Inc. and Nucor Corporation are joint venture partners in an entity that owns Steel Technologies LLC as contained within said paragraph and accordingly deny the same.  Defendants deny all remaining allegations contained within said paragraph not expressly admitted herein.

50.     In response to paragraph 50 of Plaintiffs' Complaint, to the extent Plaintiffs are referencing Barry Thompson's April 17, 2014 correspondence to the Board of Directors of Steel Technologies, and the CEOs and Board of Directors of Nucor Corporation and Mistui & Co. (USA) Inc. in paragraph 50 of Plaintiffs' Complaint, that document speaks for itself and does not require a response.  Defendants deny all remaining allegations contained within said paragraph not expressly admitted herein.

51.     In response to paragraph 51 of Plaintiffs' Complaint, to the extent Plaintiffs are referencing Barry Thompson's April 17, 2014 correspondence to the Board of Directors of Steel Technologies, and the CEOs and Board of Directors of Nucor Corporation and Mistui & Co. (USA) Inc. in paragraph 51 of Plaintiffs' Complaint, that document speaks for itself and does not require a response.  Defendants deny all remaining allegations contained within said paragraph not expressly admitted herein.

52.     In response to paragraph 52 of Plaintiffs' Complaint, Defendants admit that on April 9, 2014, Thompson Mechanical & Design submitted a third bill for services to Ceres Protein LLC, Roger Shannon, Michael Tarullo, Jr., and Michael D. Tarullo, Sr.  To the extent Plaintiffs are referencing Thompson Mechanical & Design's April 9, 2014 bill in paragraph 52 of Plaintiffs' Complaint, that document speaks for itself and does not require a response. Defendants deny all remaining allegations contained within said paragraph not expressly admitted herein.

53.     In response to paragraph 53 of Plaintiffs' Complaint, Defendants incorporate by reference their responses to paragraphs 1 through 52 of Plaintiffs' Complaint as if fully restated herein.

54.     In response to paragraph 54 of Plaintiffs' Complaint, Defendants deny all allegations contained within said paragraph.

55.     In response to paragraph 55 of Plaintiffs' Complaint, Defendants deny all allegations contained within said paragraph.

56.     In response to paragraph 56 of Plaintiffs' Complaint, Defendants incorporate by reference their responses to paragraphs 1 through 55 of Plaintiffs' Complaint as if fully restated herein.

57.     In response to paragraph 57 of Plaintiffs' Complaint, Defendants deny all allegations contained within said paragraph.

58.     In response to paragraph 58 of Plaintiffs' Complaint, Defendants deny all allegations contained within said paragraph.

59.     In response to paragraph 59 of Plaintiffs' Complaint, Defendants deny all allegations contained within said paragraph.

60.     In response to paragraph 60 of Plaintiffs' Complaint, Defendants deny all allegations contained within said paragraph.

61.     In response to paragraph 61 of Plaintiffs' Complaint, Defendants deny all allegations contained within said paragraph.

62.     In response to paragraph 62 of Plaintiffs' Complaint, Defendants deny all allegations contained within said paragraph.

63.     In response to paragraph 63 of Plaintiffs' Complaint, Defendants incorporate by reference their responses to paragraphs 1 through 62 of Plaintiffs' Complaint as if fully restated herein.

64.    In response to paragraph 64 of Plaintiffs' Complaint, Defendants deny all allegations contained within said paragraph.

65.    In response to paragraph 65 of Plaintiffs' Complaint, Defendants deny all allegations contained within said paragraph.

66.    In response to paragraph 66 of Plaintiffs' Complaint, Defendants deny all allegations contained within said paragraph.

67.    In response to paragraph 67 of Plaintiffs' Complaint, Defendants deny all allegations contained within said paragraph.

68.    In response to paragraph 68.57. [*sic*] of Plaintiffs' Complaint, Defendants deny all allegations contained within said paragraph.

69.    In response to paragraph 69 of Plaintiffs' Complaint, Defendants deny all allegations contained within said paragraph.

70.    In response to paragraph 70 of Plaintiffs' Complaint, Defendants incorporate by reference their responses to paragraphs 1 through 69 of Plaintiffs' Complaint as if fully restated herein.

71.    In response to paragraph 71 of Plaintiffs' Complaint, Defendants deny all allegations contained within said paragraph.

72.    In response to paragraph 72 of Plaintiffs' Complaint, Defendants deny all allegations contained within said paragraph.

73.    In response to paragraph 73 of Plaintiffs' Complaint, Defendants deny all allegations contained within said paragraph.

74.    Defendants deny each and every allegations contained within Plaintiffs' WHEREFORE statement

75.     Defendants deny each and every allegation contained within Plaintiffs' Complaint not specifically admitted to be true herein.

## SECOND DEFENSE

76.     Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

77.     Plaintiffs' claims are barred by the doctrine of unclean hands, waiver, consent, estoppel, fraud, laches, avoidable consequences, and/or *in pari delicto*.

## FOURTH DEFENSE

78.     Any amount Plaintiffs may recover in this action from Defendants is barred in whole or in part by the doctrines of offset, set-off, and/or recoupment.

## FIFTH DEFENSE

79.     Plaintiffs' claims are barred by the doctrine of unjust enrichment.

## SIXTH DEFENSE

80.     Plaintiffs' claims are barred because the allegedly defamatory statements were true, constitute opinions, were substantially true, or were pure opinions.

## SEVENTH DEFENSE

81.     Plaintiffs' claims are barred because the allegedly defamatory statements were not defamatory and/or were not published to anyone beyond those individuals privileged to receive said information.

## EIGHTH DEFENSE

82.     Plaintiffs' claims are barred because Defendants' alleged actions were protected by absolute and/or qualified privileges including the common interest privilege.

**NINTH DEFENSE**

83.     Plaintiffs' claims are barred because Defendants took no actions intended to interfere with any current or prospective potential clients of Plaintiffs, if any, or which Defendants knew or had reason to know would interfere with any current or prospective potential clients of Plaintiffs, if any.

**TENTH DEFENSE**

84.     Plaintiffs' claims are barred because they failed to mitigate their damages.

**ELEVENTH DEFENSE**

85.     Plaintiffs' claims are barred because Plaintiffs' have not suffered any damages as a result of Defendants' alleged conduct.

**TWELFTH DEFENSE**

86.     Plaintiffs' claims are barred because Plaintiffs failed to allege that they suffered any special damages as a result of Defendants' alleged conduct.

**THIRTEENTH DEFENSE**

87.     Plaintiffs' claims are barred because Plaintiffs' alleged damages, if any, are not the direct and proximate result of any acts on the part of Defendants, but are attributable to the acts of third-parties over which Defendants had no control or right of control.

**FOURTEENTH DEFENSE**

88.     Plaintiffs' claims are barred because Plaintiffs' reputation has not been harmed and/or diminished in any way by Defendants' alleged conduct.

**FIFTEENTH DEFENSE**

89.     Plaintiffs' claims are barred because Defendants' allegedly defamatory statements were made in good faith and were made without knowledge of their alleged falsity, were not

made with reckless disregard for their truth, and/or were not made with the degree of fault required to give rise to liability for defamation.

## SIXTEENTH DEFENSE

90.     Plaintiffs' claims are barred by the incremental harm doctrine.

## SEVENTEENTH DEFENSE

91.     Plaintiffs' claims are barred by the innocent construction rule.

## EIGHTEENTH DEFENSE

92.     Plaintiffs' claims are barred due to a lack of standing as Ceres Protein LLC is in bad standing and/or is in the process of being dissolved.

## NINETEENTH DEFENSE

93.     Plaintiffs' claims are barred because Plaintiffs' are not the real party in interest.

## TWENTIETH DEFENSE

94.     Plaintiffs' claims are barred by the group libel rule.

## TWENTY-FIRST DEFENSE

95.     Plaintiff, Ceres Protein LLC defamation claim is barred because Defendants' allegedly defamatory statement are not "of and concerning" said Plaintiff.

## TWENTY-SECOND DEFENSE

96.     Plaintiffs' claims are barred because Defendants' alleged conduct did not result in the breach or termination of any of Plaintiffs' contracts, if any, or prospective business relationships, if any.

## TWENTY-THIRD DEFENSE

97.     Plaintiffs' claims are barred because Defendants' alleged conduct was simply fair competition, was justified, and was not improper.

## TWENTY-FOURTH DEFENSE

98.     Plaintiffs' claims are barred because Plaintiffs lacked the necessary skill, experience, ability, regulatory approval/permits, equipment, real property, employees, and/or funds to perform any services for any third-party to which Plaintiffs now seek to recover as damages from Defendants.

## TWENTY-FIFTH DEFENSE

99.     Plaintiffs' claims are barred because Plaintiffs' damages are based upon pure speculation and conjecture.

## TWENTY-SIX DEFENSE

100.     Plaintiff's claims are barred because Plaintiffs' business expectancy was not based upon a reasonable likelihood or probability, but instead was based upon mere wishful thinking and hope.

## TWENTY-SEVENTH DEFENSE

101.     Plaintiffs' claims are barred by intervening and/or superseding acts.

## TWENTY-EIGHTH DEFENSE

102.     Plaintiffs' claims are barred and/or must be reduced based upon Plaintiffs' own comparative fault.

## TWENTY-NINTH DEFENSE

103.     Plaintiff Shannon's tortious interference claim regarding Steel Technologies is barred because Shannon is not a contractual employee of Steel Technologies and instead is an at-will employee.

## THIRTIETH DEFENSE

104.     Plaintiff Shannon's tortious interference claim regarding Steel Technologies is barred because Shannon has not suffered any adverse employment action as a result of Defendants' alleged conduct.

## THIRTY FIRST DEFENSE

105.     Defendants reserve the right to assert any additional affirmative defense as discovery is ongoing.

**WHEREFORE,** Defendants demand that Plaintiffs' Complaint be dismissed; that they be awarded all their attorney fees, costs, and expenses incurred in the defense of this action, and for all and any relief, whether legal or equitable that this Court deems just and proper.

## COUNTERCLAIM AND THIRD-PARTY COMPLAINT OF DEFENDANTS THOMPSON MECHANICAL & DESIGN, BARRY THOMPSON, AND ROBERT THOMPSON

Now come Defendants Thompson Mechanical & Design, Barry Thompson, and Robert Thompson (collectively "Thompson"), and hereby state as follows for their counterclaim against Plaintiffs Ceres Protein LLC and Roger Shannon, and for its Third-Party Complaint against Third-Party Defendants Michael Tarullo, Jr., John Does 1-5, and ABC Corporations 1-5:

## Jurisdiction

1.     Jurisdiction is proper in the United States District Court of the Western District of Kentucky under 28 U.S.C. §1332(a)(1) because the matters in controversy in the following counterclaims and third-party complaint exceed the sum of $75,000 exclusive of interest and costs, and is between citizens of different states.

20

## Venue

2.       Venue is proper in the United States District Court of the Western District of Kentucky under 28 U.S.C. §1391(a)(2) because it is the judicial district in which a substantial part of the events giving rise to these counterclaims and third-party complaint occurred.

## Parties

3.       Defendant Thompson Mechanical & Design is an Ohio Partnership whose partners consist solely of Barry and Robert Thompson.

4.       Barry Thompson is an Ohio resident that lives in Dublin, Ohio.

5.       Robert Thompson is an Ohio resident that lives in Dublin, Ohio.

6.       Ceres Protein LLC ("Ceres") was a Kentucky limited liability company whose members are believed to be residents of Kentucky.

7.       Roger Shannon is a member of Ceres and is a resident of Kentucky.

8.       Michael Tarullo, Jr. is a member of Ceres and is a resident of Kentucky.

9.       John Does 1-5 and ABC Corporations 1-5 are unknown individuals, corporations, and/or other business entities or trusts whose addresses are also unknown that may also be members of Ceres and were unjustly enriched by receipt of services and materials provided by Thompson and it would be unjust for John Does 1-5 and ABC Corporations 1-5 to retain the benefit of such services without compensating Thompson.

## Barry Thompson, Robert Thompson, and Thompson Mechanical & Design's Educational and Work Experience

10.      Barry Thompson formed Thompson Mechanical and Design in 1979.  He was the sole partner of Thompson Mechanical and Design until January 1, 2012, at which time Robert Thompson became a partner.  Barry and Robert Thompson are both 50% partners in Thompson Mechanical & Design.

11.     Barry Thompson has extensive experience and training in the field of engineering and related fields including construction, real estate development, and project management.

12.     Barry Thompson performed engineering services for Anheuser Bush in Columbus, Ohio.

13.     In 2010, Barry Thompson, based upon his past work experiences submitted a patent application to the United States Patent and Trademark Office ("PTO") for the Solar Grain Drying System and Method.  The PTO approved Barry Thompson's patent application and assigned it the number 8,561,315.

14.     Robert Thompson obtained a degree in Architecture from The Ohio State University in June 1996.  Upon obtaining his degree, Robert Thompson began working for Thompson Mechanical & Design.  Robert Thompson has experience in architectural planning & design; engineering (including planning, design, management, field work, and supervision); HVAC systems; construction; business management; real estate development; and the development of intellectual property.

**Conceptualization for using Barry Thompson's Intellectual Property**

15.     In the fall of 2012, Michael Tarullo, Sr. approached Robert and Barry Thompson to discuss the potential use of patent 8,561,315 and other intellectual property created by Barry Thompson, Robert Thompson, and Thompson Mechanical & Design.

16.     During these discussions, all parts of the proposed business and facility were addressed.  The business was to handle all distiller grain processing from de-watering of stillage (*i.e.* producing wet cake) through intermediate steps including preparation for drying, and disposal of wastewater, and waste materials.  The oversight of the operation of the facility was also discussed.

17.   Barry Thompson and Thompson Mechanical & Design have significant experience in whole stillage de-watering processes like presses and centrifuges, and waste product handling which includes drying distillery by-products.

18.   Michael Tarullo, Sr. told Robert Thompson that he had a contact in the distillery industry that could obtain access to stillage.  Unknown to Robert Thompson at that time, Michael Tarullo, Sr.'s contact in the distillery industry was his son, Michael Tarullo, Jr.

19.   In December 2012, Robert Thompson and Michael Tarullo, Sr. drove to Louisville, Kentucky to meet Michael Tarullo, Jr. to discuss the design, development, and implementation of a system to de-water stillage (press to produce wet cake) and dry distillery by-products.  These discussions included forming a joint venture between Michael Tarullo, Jr. on one side and Robert and Barry Thompson on the other.  Michael Tarullo, Jr. and Robert Thompson also discussed the business model of this new joint venture and how the new business would operate technically, logistically, and financially.

20.   In early 2013, Michael Tarullo, Jr had numerous discussions with Robert and Barry Thompson.  During those discussions, Michael Tarullo, Jr. asked Robert and Barry Thompson to design, develop, and test a "proof of concept" that could de-water stillage (press to produce wet cake) and dry distillery by-products at the Heaven Hill Distillery in Louisville, Kentucky.

**Barry Thompson's Visit to Vincent Corporation in Tampa, Florida**

21.   In May 2013, Barry Thompson at the request of Michael Tarullo, Jr. travelled to Tampa, Florida with Michael Tarullo, Sr. to test equipment from the Vincent Corporation for determining the exact equipment and specifications needed for implementation of stillage wet cake processing.  Barry Thompson spent four days in Tampa, Florida determining the precise

23

equipment and specifications needed for implementation of wet cake processing. The four days Barry Thompson spent in Tampa, Florida testing the Vincent Corporation equipment did not include Barry Thompson's travel time to and from Tampa, Florida, which was an additional 32 hours.

22.    Barry Thompson would not have travelled to Tampa, Florida to inspect and determine specific equipment specifications at Vincent Corporation for Michael Tarullo, Jr. for free. Barry Thompson expected to be compensated for his time.

**Barry Thompson, Robert Thompson, and Thompson Mechanical & Design's Expenditure of Time, Money, and Effort to Create, Test, and Implement Stillage Wet Cake Processing in Louisville, Kentucky**

23.    In the late summer of 2013, and after the Vincent Corporation equipment was made available to Barry and Robert Thompson, Thompson Mechanical & Design purchased a trailer to haul the Vincent Corporation equipment for implementation of the stillage wet cake processing. Thompson Mechanical & Design also purchased and installed wiring, pumping, piping, fluid tanks, and support brackets for the equipment obtained from the Vincent Corporation. Thompson Mechanical & Design also purchased plumbing and liquid storage equipment and materials for the Vincent Corporation equipment.

24.    In September 2013, and at the direction of Michael Tarullo, Jr. and Roger Shannon, Barry Thompson loaded the Vincent Corporation equipment and the materials purchased by Thompson Mechanical & Design on a trailer for transport to Louisville, Kentucky such that Barry Thompson could demonstrate stillage wet cake processing to representatives of the Heaven Hill Distillery. No one from Heaven Hill attended Barry Thompson's demonstration. Barry Thompson and Thompson Mechanical & Design spent at minimum of twelve hours driving, loading, unloading, and handling equipment and materials for this presentation

24

25.     Barry Thompson, Robert Thompson, and Thompson Mechanical & Design would not have purchased materials and supplies for the Vincent Corporation equipment or travelled to Louisville, Kentucky to demonstrate the stillage wet cake processing for Michael Tarullo, Jr. and Roger Shannon for free.  Barry Thompson, Robert Thompson, and Thompson Mechanical & Design expected to be compensated for their time and materials purchased/used for the Vincent Corporation equipment.

26.     Barry Thompson spent a minimum of six days in Ohio and Louisville, Kentucky preparing a demonstration and conducting tests of the stillage wet cake processing for Michael Tarullo, Jr. and Roger Shannon because Michael Tarullo, Jr. informed Barry Thompson that the Heaven Hill Distillery had requested the demonstration, and also wanted to ensure the effectiveness of the Vincent Corporation equipment.  Michael Tarullo, Jr., Roger Shannon, and Michael Tarullo, Sr. attended Barry Thompson's demonstration.

27.     Barry Thompson would not have demonstrated and tested the stillage wet cake processing for Michael Tarullo, Jr. and Roger Shannon for free.  Barry Thompson expected to be compensated for his time demonstrating and testing the stillage wet cake processing.

**Barry Thompson's Second Visit to the Vincent Corporation in Tampa, Florida**

28.     In October 2013, and at the request of Michael Tarullo, Jr., Barry Thompson, Michael Tarullo, Jr., and Michael Tarullo, Sr. traveled to Tampa, Florida a second time, and spent a minimum of four days testing the Vincent Corporation equipment.  Barry Thompson tested the Vincent Corporation equipment to determine the capabilities of the stillage wet cake processing using actual stillage obtained from the Heaven Hill Distillery.  The four days Barry Thompson spent in Tampa, Florida testing the Vincent Corporation equipment did not include Barry Thompson's travel time to and from Tampa, Florida which was an additional 32 hours.

25

29.     Barry Thompson would not have travelled to Tampa, Florida for testing of the Vincent Corporation equipment for Michael Tarullo, Jr. for free.  Barry Thompson expected to be compensated for his time.

### Barry Thompson, Robert Thompson, and Thompson Mechanical & Design's Seek Payment from Michael Tarullo, Jr., Roger Shannon, and Ceres for the Time, Money, and Effort used to Create, Test, and Implement Stillage Wet Cake Processing

30.     There was no written, fully executed agreement between Michael Tarullo, Jr., Roger Shannon, Ceres, Barry Thompson, Robert Thompson, and Thompson Mechanical & Design setting forth the amount and rate per hour Barry Thompson, Robert Thompson, and Thompson Mechanical & Design would charge Michael Tarullo, Jr., Roger Shannon, and Ceres for the materials, time, and effort expended for the conceptualization, development, and testing of the stillage wet cake processing.

31.     There was no written, fully executed agreement between Michael Tarullo, Jr., Roger Shannon, Ceres, Barry Thompson, Robert Thompson, and Thompson Mechanical & Design that stated Barry Thompson, Robert Thompson, and Thompson Mechanical & Design were not to be compensated for their time and materials they purchased and used for the conceptualization, development, and testing of the stillage wet cake processing.

32.     Barry Thompson, Robert Thompson, and Thompson Mechanical & Design always expected to be compensated for their time and materials purchased/used for the conceptualization, development, and testing of the stillage wet cake processing by Michael Tarullo, Jr., Roger Shannon, and Ceres.

33.     On February 4, 2014, Thompson Mechanical & Design submitted a bill to Michael Tarullo, Jr., Roger Shannon, and Ceres for the conceptualization, development, and

testing of the stillage wet cake processing for the benefit of Michael Tarullo, Jr., Roger Shannon, and Ceres.  The February 4, 2014 bill requested $175,000.

34.     Michael Tarullo, Jr., Roger Shannon, and Ceres refused to pay the February 2014 $175,000 bill.

35.     On March 19, 2014, Thompson Mechanical & Design submitted a second bill to Michael Tarullo, Jr., Roger Shannon, and Ceres for the conceptualization, development, and testing of the stillage wet cake processing for the benefit of Michael Tarullo, Jr., Roger Shannon, and Ceres.  The March 19, 2014 bill again requested $175,000.

36.     Michael Tarullo, Jr., Roger Shannon, and Ceres refused to pay the March 2014 $175,000 bill.

37.     On April 9, 2014, Thompson Mechanical & Design submitted a third bill to Michael Tarullo, Jr., Roger Shannon, and Ceres for the conceptualization, development, and testing of the stillage wet cake processing for the benefit of Michael Tarullo, Jr., Roger Shannon, and Ceres..  The April 9, 2014 bill requested $175,000.

38.     Michael Tarullo, Jr., Roger Shannon, and Ceres refused to pay the April 2014 $175,000 bill.

39.     On June 11, 2014, Thompson Mechanical & Design submitted a fourth bill to Michael Tarullo, Jr., Roger Shannon, and Ceres for the conceptualization, development, and testing of the stillage wet cake processing for the benefit of Michael Tarullo, Jr., Roger Shannon, and Ceres.  The June 11, 2014 bill requested $175,000.

40.     Michael Tarullo, Jr., Roger Shannon, and Ceres refused to pay the June 2014 $175,000 bill.

41.     As of the date of this counterclaim and third-party complaint, Michael Tarullo, Jr., Roger Shannon, and Ceres have not paid the $175,000 bill.

## First Cause of Action-Unjust Enrichment

42.     Barry Thompson, Robert Thompson, and Thompson Mechanical & Design repeat and reiterate each and every allegation contained in paragraphs 1 through 41 above.

43.     Barry Thompson, Robert Thompson, and Thompson Mechanical & Design conferred a benefit upon Michael Tarullo, Jr., Roger Shannon, Ceres, John Does 1-5, and ABC Corporation 1-5 at Barry Thompson, Robert Thompson, and Thompson Mechanical & Design's expense by Thompson expending time, money, and effort for the conceptualization, development, and testing of the stillage wet cake processing.

44.     Michael Tarullo, Jr., Roger Shannon, Ceres, John Does 1-5, and ABC Corporation 1-5 were aware, appreciated, and recognized the benefits Barry Thompson, Robert Thompson, and Thompson Mechanical & Design conferred upon Michael Tarullo, Jr., Roger Shannon, Ceres, John Does 1-5, and ABC Corporation 1-5 by Thompson expending time, money, and effort for the conceptualization, development, and testing of the stillage wet cake processing.

45.     It would be inequitable and/or unjust for Michael Tarullo, Jr., Roger Shannon, Ceres, John Does 1-5, and ABC Corporation 1-5 to retain the benefits conferred upon them by Barry Thompson, Robert Thompson, and Thompson Mechanical & Design for the time, money, and effort expended for the conceptualization, development, and testing of the stillage wet cake processing without payment for the value conferred by Thompson.

46.     Barry Thompson, Robert Thompson, and Thompson Mechanical & Design have been damaged by Michael Tarullo, Jr., Roger Shannon, Ceres, John Does 1-5, and ABC

Corporation 1-5's retention of the benefits conferred by Thompson for the value of the time, money, and effort expended for the conceptualization, development, and testing of the stillage wet cake processing.

**Second Cause of Action-Quantum Meruit**

47.     Barry Thompson, Robert Thompson, and Thompson Mechanical & Design repeat and reiterate each and every allegation contained in paragraphs 1 through 46 above.

48.     Barry Thompson, Robert Thompson, and Thompson Mechanical & Design rendered valuable services, and furnished valuable materials to Michael Tarullo, Jr., Roger Shannon, Ceres, John Does 1-5, and ABC Corporation 1-5 for the conceptualization, development, and testing of the stillage wet cake processing by expending time, money, and effort for the conceptualization, development, and testing of the stillage wet cake processing.

49.     The valuable services provided, and the valuable materials furnished by Barry Thompson, Robert Thompson, and Thompson Mechanical & Design to Michael Tarullo, Jr., Roger Shannon, Ceres, John Does 1-5, and ABC Corporation 1-5 for the conceptualization, development, and testing of the stillage wet cake processing were services and materials that were accepted by Michael Tarullo, Jr., Roger Shannon, Ceres, John Does 1-5, and ABC Corporation 1-5

50.     The valuable services provided, and the valuable materials furnished by Barry Thompson, Robert Thompson, and Thompson Mechanical & Design to Michael Tarullo, Jr., Roger Shannon, Ceres, John Does 1-5, and ABC Corporation 1-5 for the conceptualization, development, and testing of the stillage wet cake processing were services and materials that were received by Michael Tarullo, Jr., Roger Shannon, Ceres, John Does 1-5, and ABC Corporation 1-5.

51.    The valuable services provided and the valuable materials furnished by Barry Thompson, Robert Thompson, and Thompson Mechanical & Design to Michael Tarullo, Jr., Roger Shannon, Ceres, John Does 1-5, and ABC Corporation 1-5 for the conceptualization, development, and testing of the stillage wet cake processing were services and materials that were rendered with the knowledge and consent of Michael Tarullo, Jr., Roger Shannon, Ceres, John Does 1-5, and ABC Corporation 1-5.

52.    The valuable services provided, and the valuable materials furnished by Barry Thompson, Robert Thompson, and Thompson Mechanical & Design to Michael Tarullo, Jr., Roger Shannon, Ceres, John Does 1-5, and ABC Corporation 1-5 for the conceptualization, development, and testing of the stillage wet cake processing occurred under such circumstances that Michael Tarullo, Jr., Roger Shannon, Ceres, John Does 1-5, and ABC Corporation 1-5 were reasonably notified, aware, appreciated, and understood that Barry Thompson, Robert Thompson, and Thompson Mechanical & Design expected to be paid by Michael Tarullo, Jr., Roger Shannon, Ceres, John Does 1-5, and ABC Corporation 1-5 for the provision of valuable services and materials for the conceptualization, development, and testing of the stillage wet cake processing.

53.    Barry Thompson, Robert Thompson, and Thompson Mechanical & Design have been damaged by Michael Tarullo, Jr., Roger Shannon, Ceres, John Does 1-5, and ABC Corporation 1-5's refusal to pay Thompson for the value of the time, money, and effort expended for the conceptualization, development, and testing of the stillage wet cake processing.

**WHEREFORE,** Barry Thompson, Robert Thompson, and Thompson Mechanical & Design demand judgment against Michael Tarullo, Jr., Roger Shannon, Ceres, John Does 1-5, and ABC Corporation 1-5 jointly and severally for compensatory damages including lost

opportunity/lost profits in excess of $75,000 to be proved at trial; punitive damages in excess of

$75,000; pre and post-judgment interest; costs and attorney's fees; and for any other relief,

whether legal or equitable, which the court deems just and proper.

Respectfully submitted,

/s/ James E. Arnold
James E. Arnold (admitted *pro hac vice*)
JAMES E. ARNOLD & ASSOCIATES, LPA
115 W. Main St., Fourth Floor
Columbus, Ohio  43215
Telephone:       (614) 460-1600
Facsimile:       (614) 469-1066
Email:            jarnold@arnlaw.com

OF COUNSEL:
John L. Tate
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, Kentucky 40202-3352
Telephone:  (502) 681-0460
Facsimile:  (502) 779-8306
Email:        jtate@sites.com

John M. Famularo
STITES & HARBISON, PLLC
250 West Main Street, Suite 2300
Lexington, Kentucky 40507-1758
Telephone:  (859) 226-2335
Facsimile:  (859) 425-7944
Email:        jfamularo@sites.com

Damion M. Clifford  (admitted *pro hac vice*)
JAMES E. ARNOLD & ASSOCIATES, LPA
115 W. Main St., Fourth Floor
Columbus, Ohio  43215
Telephone:       (614) 460-1600
Facsimile:       (614) 469-1066
Email:           dclifford@arnlaw.com

*Counsel for Defendants Thompson Mechanical & Design,*
*Barry R. Thompson, Robert B. Thompson*

## DEMAND FOR JURY TRIAL

Defendant hereby demands trial by jury on all of Plaintiffs' claims, Defendants' defenses, and Defendant's counterclaim.

/s/ James E. Arnold
James E. Arnold

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2014, ***Defendants' Answer, Counterclaim, and Third-Party Complaint to Plaintiffs' Complaint*** was electronically filed using the Court's CM/ECF system, which will electronically serve it upon the following parties:

David Kaplan, Esq.
Casey Hinkle, Esq.
Miller Wells PLLC
710 West Main Street, 4th Floor
Louisville, Kentucky 40202

*Counsel for Plaintiffs*

/s/ James E. Arnold
James E. Arnold

32