## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION
## CIVIL ACTION NO. 3:14-CV-00491-TBR

CERES PROTEIN, LLC, *et al.*,  Plaintiffs,

v.

THOMPSON MECHANICAL & DESIGN, *et al.*,  Defendants.

## MEMORANDUM OPINION AND ORDER

### I.

Concerned that Ceres Protein, LLC, lacks capacity to prosecute this action after its administrative dissolution,[1] Thompson Mechanical & Design seeks to substitute Roger Shannon and Michael Tarullo, Jr. in its stead.[2] *See* R. 54 at 1–3 (Motion for Joinder of Real Party in Interest). The Court's jurisdiction is based on diversity, so Kentucky law determines Ceres Protein's capacity to sue or be sued in federal court. *See* Fed. R. Civ. P.

---

[1] "Frequently, attorneys and courts confuse the concepts of standing with that of capacity to sue and with the real party in interest principle." *Firestone v. Galbreath*, 976 F.2d 279, 283 (6th Cir. 1992) (citing 6A Charles A. Wright et al., *Federal Practice and Procedure* § 1542, at 327 (2d ed. 1990)); *accord Glickstein v. Sun Bank/Miami N.A.*, 922 F.2d 666, 670 (11th Cir. 1991), *abrogated on other grounds by Saxton v. ACF Indus., Inc.*, 254 F.3d 959, 963 (11th Cir. 2001). But the concepts are distinct, even if litigants and jurists sometimes haphazardly (but understandably) interchange them:

   *Standing.* Article III standing is a necessary condition for this Court to exercise subject-matter jurisdiction. To establish standing, "a plaintiff must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'like[lihood]' that the injury 'will be redressed by a favorable decision.'" *Susan B. Anthony List v. Driehaus*, —— U.S. ——, ——, 134 S. Ct. 2334, 2341 (2014) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)) (alteration in original).
   *Real Party in Interest.* The real party in interest principle is similar to, but different than, the concept of standing. *See Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 532–33 (6th Cir. 2002). The real party in interest "is the person who is entitled to enforce the right asserted under governing substantive law." *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 42–43 (6th Cir. 1994). Consequently, the analysis "turns upon whether the substantive law creating the right being sued upon affords the party bringing the suit a substantive right to relief." *Id.* at 43.
   *Capacity.* The gist of Thompson Mechanical's filing raises a question of the final sort, *i.e.*, capacity. Capacity relates to the issue of a party's "personal right to litigate in federal court." *Firestone*, 976 F.2d at 283 (quoting Wright et al., *supra*, § 1542, at 327) (internal quotation marks omitted). Federal Rule of Civil Procedure 17(b) controls on that point.

[2] It would appear Roger Shannon is a named plaintiff in this action already, but Michael Tarullo is not. *See* R. 1-1 at 9 (Complaint).

1

16(b)(3); *see also Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477, 478 n.2 (6th Cir. 2014) ("If a party is not a corporation or an individual and the party is asserting a state-law claim, then the law of the state where the court is located determines capacity." (citing Fed. R. Civ. P. 17(b)(3))). An administratively dissolved entity "cannot bring a lawsuit against others," *Modern Holdings, LLC v. Corning Inc.*, No. 13-405-GFVT, 2015 WL 1481457, at *3 (E.D. Ky. Mar. 31, 2015) (citing *Diktic, Inc. v. Somerset Refinery, Inc.*, No. 2002-CA-000301-MR, 2003 WL 21673962, at *2 (Ky. Ct. App. July 18, 2003)). Consequently, Thompson Mechanical is correct: Ceres Protein lacks capacity to bring this suit on account of its administrative dissolution.

Ceres Protein opposes Thompson Mechanical's motion. *See* R. 57 at 1–2 (Response in Opposition). Ceres Protein says (correctly) that *if* it is reinstated, such reinstatement "literally undoes the dissolution," *Pannell v. Shannon*, 425 S.W.3d 58, 68 (Ky. 2014); *see* Ky. Rev. Stat. Ann. § 14A.7-030(a)–(b), meaning that Ceres Protein would have capacity to maintain this action, *see, e.g.*, *Double C Entertainment v. Palace Theatre Operating Grp.*, No. 3:11-CV-98-CRS, 2011 WL 5903606, at *1 (W.D. Ky. Nov. 25, 2011). Ceres Protein points out that, on October 13, 2015, it filed an Application for Reinstatement with the Kentucky Secretary of State, and so urges the Court to stay its hand. *See* R. 57 at 2.

True enough, Ceres Protein filed for reinstatement. *See* R. 57-1 at 1 (Secretary of State Records). In anticipation that Ceres Protein would be reinstated, the Court has delayed resolving Thompson Mechanical's motion for nearly two months. But as of January 12, 2016, the Kentucky Secretary of State has not acted on Ceres Protein's request. The Court will not defer deciding Thompson Mechanical's motion any longer.

## II.

For the reasons discussed above, and being otherwise sufficiently advised;

**IT IS HEREBY ORDERED** that Thompson Mechanical's Motion for Joinder of Real Party in Interest (R. 54) is **GRANTED**. Plaintiffs **SHALL AMEND** the Complaint to remove Ceres Protein, LLC as a party to this action and **SHALL SUBSTITUTE** Michael Tarullo, Jr. **within fourteen (14) days** from the date of this Order. Should Ceres Protein, LLC be reinstated, the Court will entertain any other appropriate motions at that time.

**IT IS SO ORDERED.**

Date:

cc:   Counsel of Record