## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION
## CIVIL ACTION NO. 3:14-CV-00491-TBR-LLK

CERES PROTEIN, LLC, *et al.*,                    Plaintiffs/Counterclaim Defendants,

v.

THOMPSON MECHANICAL &
DESIGN, *et al.*,                                Defendants/Counterclaimants.

## MEMORANDUM OPINION AND ORDER

In 2014, Ceres Protein, LLC and Roger Shannon filed this action against Barry and Robert Thompson, along with their Ohio partnership Thompson Mechanical & Design, alleging claims for defamation and for intentional interference with a prospective business relationship. Now, pursuant to Federal Rule of Civil Procedure 19, the Thompsons move to join Michael Tarullo, Sr. as an indispensable party. Should Ceres Protein, LLC and Roger Shannon fail to join Michael Tarullo, Sr., the Thompsons move to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(7). Ceres Protein, LLC and Roger Shannon oppose joinder, arguing that there is no reason to add Michael Tarullo, Sr. to this action. The Court agrees. Accordingly, the Thompsons' Motion for Joinder or to Dismiss, [R. 89], is **DENIED**.

### I.

### A.

In 2013, Roger Shannon and Michael Tarullo, Jr. formed Ceres Protein, LLC to pursue business opportunities relating to repurposing "whole stillage," or distillery waste, generated by distilleries in Kentucky and Tennessee. Ceres Protein, LLC helps distilleries reduce the expense of removing spent distillers' grains, known as "slop,"

which result from the distilling process.  Through a comprehensive process that separates and de-waters usable solid grains, Ceres Protein, LLC transforms distiller's slop into a product called "wet cake," which is then sold to farmers for livestock feed.

In early 2013, Ceres Protein, LLC cultivated two business relationships necessary to offer slop processing services to distilleries.  First, Ceres Protein approached Vincent Corporation, a manufacturer of screw presses, about providing it with the equipment needed to de-water distillers' slop and create wet cake.  Second, Ceres Protein, LLC contracted with Land o' Lakes Purina Feed LLC to distribute the wet cake generated from its slop processing for use as livestock feed.

Sometime around mid-2013, Michael Tarullo, Sr. (Michael Tarullo, Jr.'s father) and Barry Thompson, along with his son Robert Thompson, approached Roger Shannon and Michael Tarullo, Jr. about a possible business arrangement.  The trio proposed developing a "stage two" process whereby wet cake could be dried to create dried distillers' grains, a product with a lower moisture content, a longer shelf-life, and better transportability.  Barry Thompson holds U.S. Patent No. 8,561,315, which protects a grain-drying system that utilizes solar energy to pass heated air through a conventional crop silo or bin for the purpose of drying grain.  He assigned that patent to Legacy Design LLC, an Ohio limited liability company, owned and operated by the Thompsons.  Though no one had used that patented method to process stillage before, Barry Thompson claimed that it could be adapted for Ceres Protein, LLC's uses.

Michael Tarullo, Sr. and the Thompsons offered to license that intellectual property to Ceres Protein, LLC, to offer engineering support, and to contribute the capital needed during the start-up phase of the venture in exchange for a membership interest in

Ceres Protein, LLC.  Between July and October 2013, the parties attempted to negotiate such an arrangement.  However, no agreement resulted.

Following the breakdown in negotiations, in December 2013, Ceres Protein, LLC sent Barry Thompson a request for a proposal for the design and construction of a drying system suitable for Ceres Protein, LLC's purposes if it decided to pursue a "stage two" process in the future.  The Thompsons never responded to that request, though, and so Ceres Protein, LLC moved on and continued pursing business opportunities related to wet cake processing.  It never marketed or disclosed any aspect of Barry Thompson's proprietary technology to potential distillery customers, such as Heaven Hill Distilleries Inc., with which Ceres Protein, LLC had been actively negotiating for some time.

In late January 2014, however, Barry Thompson sent a letter to Heaven Hill Distilleries claiming that certain "third parties" might have inappropriately disclosed Legacy Design LLC's patented technology to it.  In addition, he explained that since the Thompsons' relationship with "a Louisville based company" to "co-develop a distiller's grain processing facility" adjoining Heaven Hill Distilleries' plant in Breckinridge, Kentucky "was never consummated," the Thompsons were "now in a position to compete for the project."  [R. 116-5 at 3 (Letter from Barry Thompson to Heaven Hill Distilleries Inc.).]  On February 4, Denny Potter, the plant manager at that location, responded that no one had revealed any "proprietary information" to Heaven Hill Distilleries and that it had no interest in a stage-two drying process at that time.  [R. 116-6 at 2 (E-mail from Denny Potter to Barry Thompson).]

Later that same day, the Thompsons sent an invoice to Ceres Protein, LLC demanding $175,000 for "work and materials" related to the development of the "stage

two" drying process.  [R. 116-1 at 2–5 (Invoice).]  Ceres Protein, LLC claimed, however, that it never asked the Thompsons to do anything of the sort.  [R. 116-2 at 2 (E-mail from Roger Shannon to Robert Thompson).]  It refused to pay the invoice.

Subsequently, the Thompsons engaged in a pattern of conduct designed—at least in Ceres Protein, LLC's estimation—to extort payment on that invoice.  On March 13, Barry Thompson sent a second letter to Heaven Hill Distilleries, claiming that "a group operating from Ohio and Kentucky" had been improperly marketing Legacy Design LLC's "patented technology and trade secrets."  [R. 116-7 at 2–3 (Letter from Barry Thompson to Heaven Hill Distilleries Inc.).]  Three days later, Robert Thompson e-mailed Heaven Hill Distilleries and repeated those allegations.  [R. 116-8 at 2 (E-mail from Robert Thompson to Heaven Hill Distilleries Inc.).]  Although none of the Thompsons three letters identified the alleged infringer, Heaven Hill Distilleries knew the accusations were directed at Ceres Protein, LLC:  Dennis Potter forwarded Robert Thompson's e-mail to Roger Shannon and Michael Tarullo, Jr. that same afternoon.  [R. 116-10 at 2 (E-mail from Dennis Potter to Roger Shannon and Michael Tarullo, Jr.).]

The Thompsons escalated their efforts in late March.  Between March 31 and April 17, the Thompsons contacted Steel Technologies, LLC, for which Roger Shannon was the Chief Financial Officer and Treasurer, on four occasions.  [R. 116-11 at 8 (Response to Interrogatories).]  In a letter to Michael Carroll, the Chief Executive Officer of Steel Technologies, LLC, Barry Thompson accused Roger Shannon of having committed "serious ethical breaches, possible patent infringement, and fraudulent activity."  [R. 116-13 at 2 (Letter from Barry Thompson to Michael Carroll).]  A few weeks later, on April 17, Barry Thompson faxed a letter to the Board of Directors of Steel

4

Technologies, LLC, and to the CEOs and Boards of Directors of Mitsui & Co. (U.S.A.) Inc. and Nucor Corporation, joint-venture partners in the entity which owns Steel Technologies, LLC, claiming that Roger Shannon had been "evasive to say the least in taking financial responsibility or being truthful" to him and would likely be the target of unspecified "criminal charges in the near future." [R. 116-15 at 5 (Letter from Barry Thompson to Boards of Directors).]

### B.

On April 21, 2014, Ceres Protein, LLC and Roger Shannon filed this action in Jefferson Circuit Court against Barry and Robert Thompson, along with their Ohio partnership Thompson Mechanical & Design, bringing claims for defamation and for intentional interference with a prospective business relationship. [*See* R. 87 at 14–17, ¶¶ 53–73 (Second Amended Complaint).] The Thompsons timely removed that action to this Court. [R. 1 at 1–3, ¶¶ 1–9 (Notice of Removal).] Now, pursuant to Federal Rule of Civil Procedure 19, the Thompsons move to join Michael Tarullo, Sr. as an indispensable party or, in the alternative, to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(7). [R. 89 at 1 (Motion for Joinder or to Dismiss).]

### II.

Federal Rule of Civil Procedure 19 sets forth "a three-step analysis for determining whether a case should proceed in the absence of a particular [person]." *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 200 (6th Cir. 2001) (citing *Keweenaw Bay Indian Cmty. v. State*, 11 F.3d 1341, 1345 (6th Cir. 1993)). Under the first step, which is a threshold requirement, the Court must determine "whether the person or entity is a necessary party under Rule 19(a)." *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 666

(6th Cir. 2004) (citing *Temple v. Synthes Corp.*, 498 U.S. 5, 8 (1990)).  A person becomes a "necessary party" to litigation if, "in that person's absence, the court cannot afford complete relief among existing parties."  Fed. R. Civ. P. 19(a)(1)(A); *see also Wilson v. Gordon*, 822 F.3d 934, 956 (6th Cir. 2016).

### III.

The Thompsons move to join Michael Tarullo, Sr. as an indispensable party under Federal Rule of Civil Procedure 19.  [R. 89 at 1.]  Should Ceres Protein, LLC and Roger Shannon fail to join Michael Tarullo, Sr., the Thompsons move to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(7).  [*Id.*]  Ceres Protein, LLC and Roger Shannon oppose joinder, arguing that there is no reason to add Michael Tarullo, Sr. to this action.  [R. 99 (Response to Motion for Joinder or to Dismiss).]  On that point, Ceres Protein, LLC and Roger Shannon are right.

While Michael Tarullo, Sr. might be a witness should this action go to trial, he is not a "necessary party" within the meaning of Rule 19(a)(1)(A).  In the main, it does not appear that Michael Tarullo, Sr. played any meaningful role in the conduct giving rise to Ceres Protein, LLC and Roger Shannon's respective claims for tortious interference and defamation.  [*See id.* at 2–3.]  The Thompsons—and the Thompsons alone—sent the allegedly defamatory and tortious communications at issue.  There is no reason why joinder is required to afford complete relief among the current parties.

The Thompsons' argument, in essence, boils down to the allegation that Michael Tarullo, Sr. acted as an agent for Ceres Protein, LLC and, therefore, must be joined.  [*See* R. 89-1 at 5–7 (Memorandum in Support of Motion for Joinder or to Dismiss).]  In support of that theory, the Thompsons rely upon *Soberay Machine & Equipment Co. v.*

*MRF Ltd., Inc.*, 181 F.3d 759 (6th Cir. 1999), for the proposition that an agent is always a necessary party.  [*Id.* at 6–7.]  The Thompsons, however, misapprehend the holding of *Soberay*.

In *Soberay*, a seller sued a buyer for breach of contract after the buyer's agent refused to pay the seller for equipment.  181 F.3d at 761–63.  The buyer moved for judgment on the pleadings, arguing that the agent was an indispensable party.  *Id.* at 762.  The district court denied the motion, but the Sixth Circuit Court of Appeals reversed.  *Id.* at 770.  It held that because the agent had signed the contract at issue and the buyer had already paid the agent for the equipment, it was not possible to afford "complete relief" in the agent's absence.  *Id.* at 764.  The Court of Appeals did not hold, as the Thompsons suggest, that the agent's status alone made the agent a necessary party.  In fact, the Court of Appeals said nothing of the agent's status in that context.  *Id.* at 763–64.  There is little analogous—much less controlling—about the holding of *Soberay* and the facts of this case.

## IV.

**IT IS HEREBY ORDERED** that Thompson Mechanical & Design, Barry Thompson, and Robert Thompson's Motion for Joinder or to Dismiss, [R. 89], is **DENIED**.

**IT IS SO ORDERED**.

Date:

cc:      Counsel of Record