## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION
## CIVIL ACTION NO. 3:14-CV-00491-TBR-LLK

CERES PROTEIN, LLC, *et al.*,                    Plaintiffs/Counterclaim Defendants,

v.

THOMPSON MECHANICAL &
DESIGN, *et al.*,                                Defendants/Counterclaimants.

### MEMORANDUM OPINION AND ORDER

The history of this litigation is—to say the least—lengthy, but the instant issue involves just a small portion of it. On November 23, 2016, the Court held a telephonic status conference. [*See* R. 105 at 1 (Order of November 29, 2016).] During that status conference, the Court invited the parties to explain their positions regarding Ceres Protein, LLC and Roger Shannon's then-outstanding motion for a protective order. [*See* R. 97 (Motion for Protective Order).] Although discovery had closed on November 1, [*see* R. 72 at 1, ¶ 4 (Second Amended Scheduling Order)], there was a dispute regarding the terms under which Ceres Protein, LLC was to produce certain contracts in light of its obligation to third-parties to keep those documents confidential, [R. 96 at 1 (Magistrate Judge King's Order of November 21, 2016)]. The Court heard arguments from both parties. Following the conclusion of the conference, the Court granted Ceres Protein, LLC and Roger Shannon's motion and entered a protective order. [*See* R. 100 (Protective Order).] Now, Barry and Robert Thompson, along with their Ohio partnership Thompson Mechanical & Design, ask the Court to reconsider its ruling. [R. 102 (Motion to Reconsider).]

1

The Court may reconsider interlocutory orders, such as entering a protective order, under either Federal Rule of Civil Procedure 54(b) or its inherent, common law authority to control the administration of the case before it.  *See Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991); *see also Simmerman v. Ace Bayou Corp.*, 304 F.R.D. 516, 518 (E.D. Ky. 2015).  Reconsideration of an interlocutory order is appropriate where "there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez*, 89 F. App'x at 959).  The standard vests the Court with "significant discretion."  *Rodriguez*, 89 F. App'x at 959 n.7.

The Thompsons' original arguments on this matter presented questions which the Court worked diligently to resolve.  The present motion identifies no change in controlling law and no new evidence of note, but rather appears to argue that the Court committed clear error in reaching its earlier decision.  The Court has reviewed its original opinion in light of any new or better arguments the Thompsons have made.  [*See* R. 102-2 (Draft Response).]  It is satisfied with its original judgment and does not consider further explanation or discussion of the case to be necessary.  The Court stands by its original decision for the reasons stated then.

**IT IS HEREBY ORDERED** that Thompson Mechanical & Design, Barry Thompson, and Robert Thompson's Motion to Reconsider, [R. 102], is **DENIED**.

**IT IS SO ORDERED.**

Date:

cc:     Counsel of Record

2