## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION
## CIVIL ACTION NO. 3:14-CV-00491-TBR-LLK

CERES PROTEIN, LLC, *et al.*,                    Plaintiffs/Counterclaim Defendants,

v.

THOMPSON MECHANICAL &
DESIGN, *et al.*,                                Defendants/Counterclaimants.

## MEMORANDUM OPINION AND ORDER

Ceres Protein, LLC and Roger Shannon filed this action against Barry and Robert Thompson, along with their Ohio partnership Thompson Mechanical & Design, bringing claims for defamation and for intentional interference with a prospective business relationship. [*See* R. 87 at 14–17, ¶¶ 53–73 (Second Amended Complaint).] The Thompsons responded with a counterclaim against Ceres Protein, LLC, Roger Shannon, and Michael Tarullo, Jr., pressing equitable claims for unjust enrichment and *quantum meruit*. [*See* R. 11 at 28–30, ¶¶ 42–53 (Counterclaim)]. Recently, the Court granted leave for Ceres Protein, LLC and Roger Shannon to file a second amended complaint for the sole purpose of reinstating Ceres Protein, LLC as a party to this action. [R. 86 at 27 (Memorandum Opinion and Order).]

Now, the Thompsons move for an extension of time to file an amended answer to that complaint. [R. 88 (Motion for Extension).] Albeit in an informal fashion, the Thompsons move for leave to file an amended counterclaim too. [*See* R. 109 at 2–4 (Response to Motion to Strike Amended Counterclaim).] Ceres Protein, LLC and Roger Shannon oppose the request for an extension of time. [R. 92 (Response to Motion for Extension of Time).] The pair also move to strike the amended counterclaim, which

1

accompanied the amended answer, since the Thompsons filed the amended counterclaim before the Court could pass upon the motion for leave.  [R. 98 at (Motion to Strike Amended Counterclaim).]  Although belatedly, the Thompsons move to bifurcate the trial of Ceres Protein, LLC and Roger Shannon's claims and the amended counterclaims in lieu of granting the motion to strike.   [R. 114 (Motion to Bifurcate Amended Counterclaims).]

For the reasons that follow, the Thompsons' Motion for an Extension of Time, [R. 88], is **GRANTED**.  However, the Thompsons' Motion for Leave, [R. 109], along with the Motion to Bifurcate, [R. 114], are **DENIED**.  Ceres Protein, LLC and Roger Shannon's Motion to Strike Amended Counterclaim, [R. 98], is, therefore, **GRANTED**.

## I.

First, the Thompsons move for leave to file an amended answer to Ceres Protein LLC's second amended complaint fourteen days past the deadline set in Federal Rule of Civil Procedure 15(a)(3).  [*See* R. 88 at 1.]  Under Federal Rule of Civil Procedure 6(b), the Court may, "for good cause," grant an extension of time so long as a request is made "before the original time or its extension expires."  Fed. R. Civ. P. 6(b)(1)(A).  Though not without hesitation, the Court finds good cause to grant a brief extension.

There were a series of ongoing discovery disputes when the Thompsons asked for an extension.  [*See* R. 88 at 2–3.]  It is entirely possible, as Ceres Protein, LLC argues, to file an amended answer without having taken any discovery.  [*See* R. 92 at 1–3.] However, it is not beyond the pale of reason for counsel to desire more (as opposed to less) information before filing an amended answer.  The Court finds good cause for the requested extension and shall deem the Thompsons' amended answer timely filed.

## II.

Next, Ceres Protein, LLC and Roger Shannon move to strike the amended counterclaim, which accompanied the amended answer, since the Thompsons filed the amended counterclaim without leave.  [*See* R. 98 at 1–4.]  The Thompsons oppose that motion, arguing that their earlier-filed motion for an extension of time should be treated as a motion for leave to file an amended counterclaim too.  [R. 109 at 2–4.]  The Court will construe that motion accordingly.  Nonetheless, it finds no good cause to modify its scheduling order or to grant the Thompsons leave to amend their counterclaims.

While Federal Rule of Civil Procedure 15 instructs the Court to freely "give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), that "window of opportunity does not remain open forever," *Shane v. Bunzl Distribution USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008).  Once a pleading deadline has passed, litigants must meet the higher threshold for modifying a scheduling order found in Federal Rule of Civil Procedure 16 first.  *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam)); *Shane*, 275 F. App'x at 536.  Scheduling-order modifications, Civil Rule 16 says, are available only "for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "'The primary measure of [Civil] Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements,' though courts may also consider prejudice to the nonmoving party."  *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 478 (6th Cir. 2014) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

If the movant demonstrates "good cause," then the Court must decide whether leave to amend is warranted.  Though courts approach that issue differently, *see Va. Innovation Scis., Inc. v. Samsung Elecs. Co.*, 11 F. Supp. 3d 622, 629–33 (E.D. Va. 2014), in this District, a new or different counterclaim pleaded after an amended complaint still requires leave (or the opponent's written consent), just as an amended complaint does, *see* Fed. R. Civ. P. 15(a)(2); *Bern Unlimited, Inc. v. Burton Corp.*, 25 F. Supp. 3d 170, 178–80 (D. Mass. 2014).  The Court will generally grant leave to amend— except, of course, where there has been "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or futility of the amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

In this case, there is no good cause to modify the operative scheduling order.  The deadline for amended pleadings lapsed more than one year before the Thompsons sought leave to file an amended counterclaim.  [*See* R. 52 at 1, ¶ 2 (First Amended Scheduling Order).]  Over the course of this litigation, and despite numerous accommodations, the Thompsons have displayed an unfortunate lack of diligence in attempting to meet the Court's deadlines.  [*See* R. 107 at 1–2 (Order of December 6, 2016).]  The Court warned the Thompsons that no more extensions would be entertained.  It finds no good cause to change its position on that subject.  *See Hance v. BNSF Ry. Co.*, 645 F. App'x 356, 364 (6th Cir.), *cert. denied*, ⸺ U.S. ⸺, 137 S. Ct. 200 (2016) (finding that attempt to amend complaint fifteen months after deadline displayed lack of diligence).

Even if there were good cause to modify the case management order, the Thompsons are not entitled to leave to amend under Federal Rule of Civil Procedure 15(a)(2).  The proposed amended counterclaim adds claims for unlawful sale of a security, [*see* R. 94 at 30, ¶¶ 137–38 (Proposed Amended Counterclaim)], for fraud, [*see id.* at 30–31, ¶¶ 139–40], and to pierce the corporate veil, [*see id.* at 31–33, ¶¶ 145–58]. However, nothing prevented the Thompsons from bringing those claims earlier.  For example, the Thompsons accused Roger Shannon of engaging in "fraudulent activity" as long ago as 2014.  [*See* R. 110-2 at 2–3 (Letter from Barry Thompson).]  Likewise, the Thompsons effort to pierce the corporate veil is based, in part, on information readily available to the public, such as Ceres Protein, LLC's failure to file annual reports and its date of incorporation.  [*See* R. 94 at 31–32, 33, ¶¶ 147, 155–57.]  There appears to be no justification for the delay in attempting to prosecute those new claims.

In addition, the undue delay has prejudiced Ceres Protein, LLC and Roger Shannon.  The Thompsons filed the proposed amended counterclaim two weeks after the close of fact discovery, [*see* R. 72 at 1, ¶ 4 (Second Amended Scheduling Order)], and after Ceres Protein, LLC, Roger Shannon, and Michael Tarullo, Jr. filed a motion for summary judgment on the Thompsons' counterclaims, [*see* R. 90 (Motion for Summary Judgment)].  The addition of new claims would certainly "cause prejudice to the nonmoving party at such a late stage in the litigation." *Newburgh/Six Mile Ltd. P'ship II v. Adlabs Films USA, Inc.*, 483 F. App'x 85, 93–94 (6th Cir. 2012) (collecting cases). Therefore, the Court concludes that the Thompsons are not entitled to leave to amend their counterclaims.

### III.

In lieu of granting the motion to strike, the Thompsons ask the Court to bifurcate the trial of Ceres Protein, LLC and Roger Shannon's claims and the amended counterclaims as a less prejudicial alternative. [*See* R. 114 at 1–4.] Under Federal Rule of Civil Procedure 42(b), the Court may order separate trials for "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). In determining whether separate trials are appropriate, the Court considers "several facts, including 'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy.'" *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (quoting *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)). "The language of Rule 42(b) places the decision to bifurcate within the discretion" of this Court. *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996) (citing *Davis v. Freels*, 583 F.2d 337, 339 (7th Cir. 1978)).

Here, all pertinent factors weigh against bifurcation. It would be neither convenient, nor economical since the trial of Ceres Protein, LLC and Roger Shannon's claims and the Thompsons' counterclaims involve "the same witnesses and most of the same documents." [R. 114 at 4; *see also* R. 121 at 1–2 (Response to Motion to Bifurcate).] There is no prejudice within the meaning of Rule 42(b) to avoid either. Accordingly, the Court will not bifurcate the trial of this action.

### IV.

Last but not least, the Court turns to Ceres Protein, LLC and Roger Shannon's motion to strike the amended counterclaim. Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial,

impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f); *see also Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). It is appropriate to strike a pleading when the party fails to obtain the leave required under Federal Rule of Civil Procedure 15(a)(2).  *See McDonald v. Daimlerchrysler Motors Corp.*, 23 F. App'x 393, 395–96 (6th Cir. 2001).  Here, the Thompsons filed the amended counterclaim without leave.  Therefore, the Court will strike the amended counterclaim from the record.

## V.

**IT IS HEREBY ORDERED** that Thompson Mechanical & Design, Barry Thompson, and Robert Thompson's Motion for an Extension of Time, [R. 88] is **GRANTED**.

**IT IS FURTHER ORDERED** that Thompson Mechanical & Design, Barry Thompson, and Robert Thompson's Motion for Leave, [R. 109], is **DENIED**.

**IT IS FURTHER ORDERED** that Thompson Mechanical & Design, Barry Thompson, and Robert Thompson's Motion to Bifurcate, [R. 114], is **DENIED**.

**IT IS FURTHER ORDERED** that Ceres Protein, LLC and Roger Shannon's Motion to Strike Amended Counterclaim, [R. 98], is **GRANTED**.   The Amended Counterclaim, [R. 94 at 4–34], is **DEEMEED STRIKEN** from the record.  The Clerk of the Court need not take additional action.

**IT IS SO ORDERED**.

Date:

cc:      Counsel of Record