# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:14-CV-00491-TBR-LLK

CERES PROTEIN, LLC, *et al.*,   Plaintiffs/Counterclaim Defendants,

v.

THOMPSON MECHANICAL &
DESIGN, *et al.*,   Defendants/Counterclaimants.

## MEMORANDUM OPINION AND ORDER

Ceres Protein, LLC and Roger Shannon find the voluminous motion practice undertaken by Barry and Robert Thompson, along with their Ohio partnership Thompson Mechanical & Design, in this case to be troubling. To put an end to it, Ceres Protein, LLC and Roger Shannon move for sanctions against the Thompsons' attorney, Lee Thomason, under 28 U.S.C. § 1927. Pointing to a handful of alleged slights, the Thompsons responded in kind and bring a similar motion against Ceres Protein, LLC and Roger Shannon's attorney, Casey Hinkle. However, Thomason's conduct—though zealous—has not fallen short of the professional obligations owed to the Court. Likewise, Hinkle's prosecution of this case has been above reproach. Accordingly, Ceres Protein, LLC and Roger Shannon's Motion for Sanctions, [R. 148], as well as the Thompsons' Motion for Sanctions, [R. 157], are **DENIED**.

Under 28 U.S.C. § 1927, sanctions may be imposed against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Section 1927, in other words, allows the Court to impose sanctions "when the 'attorney knows or reasonably should know that a claim pursued is frivolous,'" *Hogan v. Jacobson*, 823 F.3d 872, 886 (6th Cir. 2016) (quoting *Scherer v. JP Morgan Chase &*

1

*Co.*, 508 F. App'x 429, 439 (6th Cir. 2012)), or that his "litigation tactics will needlessly obstruct the litigation of nonfrivolous claims," *Hall v. Liberty Life Assurance Co. of Bos.*, 595 F.3d 270, 275–76 (6th Cir. 2010) (quoting *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 396 (6th Cir. 2009)). Although sanctions of that sort may be levied without finding that the attorney subjectively acted in bad faith, *see Shepherd v. Wellman*, 313 F.3d 963, 969 (6th Cir. 2002), the complained-of conduct "must exceed 'simple inadvertence or negligence that frustrates the trial judge,'" *Hogan*, 823 F.3d at 866 (quoting *Scherer*, 508 F. App'x at 439). "There must be some conduct on the part of the subject attorney that trial judges, applying [the] collective wisdom of their experience on the bench[,] could agree falls short of the obligations owed by a member of the bar to the court." *Salkil v. Mount Sterling Twp. Police Dep't*, 458 F.3d 520, 532 (6th Cir. 2006) (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997)).

Though the Court finds the tone of this litigation troubling, neither Thomason nor Hinkle's conduct rises to that level. Ceres Protein, LLC and Roger Shannon point out, correctly, that Thomason has filed a number of motions and opposed a handful of others during the course of this litigation, and that some of those filings were, perhaps, more meritorious than others. [*See* R. 148 at 4–10 (Motion for Sanctions).] The Thompsons, for their part, place much on the temporary dissolution of Ceres Protein, LLC, and the motion practice supposedly attendant to it. [*See* R. 157 at 1–5 (Motion for Sanctions).] In the Court's judgment, however, none of those things needlessly obstructed the timely flow of, or vexatiously multiplied the costs associated with, this litigation. The imposition of sanctions is, therefore, inappropriate. *Cf. Waeschle v. Dragovic*, 687 F.3d

292, 296–97 (6th Cir. 2012) (refusing to impose sanctions on attorney who pursued an "appeal in the face of clear circuit precedent that rendered her arguments meritless").

If there has been any delay in resolving this case, it has been because of the Thompsons' troubles with their attorneys. Frequently, the Thompsons have refused to pay their lawyers. The Court has, as it must, allowed those attorneys to withdraw and granted the Thompsons many months to secure new ones too. The litigation conduct of Thomason and Hinkle, however, is not to blame.

**IT IS HEREBY ORDERED** that the Thompsons' Motion for Extension, [R. 155], is **GRANTED**.

**IT IS FURTHER ORDERED** that Ceres Protein, LLC and Roger Shannon's Motion for Sanctions, [R. 148], as well as the Thompsons' Motion for Sanctions, [R. 157], are **DENIED**.

**IT IS SO ORDERED.**

Date:
cc:      Counsel of Record