# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:14-CV-00491-TBR-LLK

CERES PROTEIN, LLC, *et al.*,   Plaintiffs/Counterclaim Defendants,

v.

THOMPSON MECHANICAL &
DESIGN, *et al.*,   Defendants/Counterclaimants.

## MEMORANDUM OPINION AND ORDER

Ceres Protein, LLC and Roger Shannon filed this lawsuit against Barry and Robert Thompson, along with their Ohio partnership Thompson Mechanical & Design, more than three years ago. Over the course of the ensuing litigation, a number of attorneys have represented the Thompsons. The most recent is Charles L. Thomason, who entered his appearance on April 24, 2016. [R. 73 (Notice of Appearance).] Trial of this action is scheduled to begin on May 15, 2017. [R. 125 at 2, ¶ 4 (Scheduling Order).] With that date fast approaching, Thomason has asked for leave to withdraw as the Thompsons' counsel of record, alleging that his clients owe him an outstanding balance. [R. 136 (Motion to Withdraw).] His clients (and Ceres Protein, LLC and Roger Shannon) oppose that motion. [*See* R. 149 (Response in Opposition); R. 154 (Response in Opposition) (Sealed).] The Court has held a number of telephonic hearings on the issue. [*See* R. 150 (Order of April 6, 2017); R. 152 (Order of April 7, 2017).] Having carefully considered the record before it, the Court finds that there is no "good cause" to permit withdrawal at this time. Accordingly, Thomason's Motion to Withdraw, [R. 136], is **DENIED**.

The Court has broad discretion to determine whether and under what terms to allow an attorney to withdraw as counsel of record. *Brandon v. Blech*, 560 F.3d 536, 537 (6th Cir. 2009). Generally, courts in this Circuit embrace applicable local rules (and the Model Rules of Professional Conduct) to guide that inquiry. *Id.* at 538; *see also King v. Curtis*, 610 F. App'x 534, 537–39 (6th Cir. 2015). In the Eastern and Western Districts of Kentucky, Local Rule 83.6 governs the substitution or withdrawal of counsel. It reads, in pertinent part:

> Unless a compelling reason exists, an attorney of record is not permitted to withdraw within twenty-one (21) days of trial or a hearing on any motion for judgment or dismissal. At any other time, an attorney of record may withdraw from a case only under the following circumstances:
>
> . . . .
>
> (b) The attorney files a motion, certifies the motion was served on the client, makes a showing of good cause, and the Court consents to the withdrawal on whatever terms the Court chooses to impose.

LR 83.6(b). Where an attorney's request satisfies those benchmarks, leave to withdraw should be freely given absent a showing of "severe prejudice" to a litigant or other third-party. *Brandon*, 560 F.3d at 538 (citing *Fid. Nat'l Title Ins. Co. of N.Y. v. Intercountry Nat'l Title Ins. Co.*, 310 F.3d 537, 541 (7th Cir. 2002)).

Though not without some reservation, the Court denies Thomason leave to withdraw at this time. It appears true that, in recent months, the Thompsons have accrued a sizable unpaid balance. If the Thompsons had flatly refused to pay Thomason, then the Court would not hesitate to grant him leave to withdraw. *See id.* (holding that refusal to pay attorney supplies "good cause for withdrawal"). But it appears as though the Thompsons are making ongoing efforts to pay Thomason in full, and the Court sees no

breakdown in the attorney-client relationship. So long as Thomason's clients continue down that path, the Court finds good reason to keep him involved in this litigation.

**IT IS HEREBY ORDERED** that Charles L. Thomason's Motion to Withdraw, [R. 136], is **DENIED**.

**IT IS SO ORDERED**.

Date:

cc:     Counsel of Record