# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:14-CV-00491-TBR-LLK

CERES PROTEIN, LLC, *et al.*,　　　　　　　Plaintiffs/Counterclaim Defendants,

v.

THOMPSON MECHANICAL &
DESIGN, *et al.*,　　　　　　　　　　　　　Defendants/Counterclaimants.

## MEMORANDUM OPINION AND ORDER

In anticipation of the approaching trial in this action, Barry and Robert Thompson, along with their Ohio partnership Thompson Mechanical & Design, have filed a motion *in limine* to limit Michael Tarullo, Jr.'s testimony to the information that he provided in discovery—and no more. Ceres Protein, LLC and Roger Shannon oppose that motion. For the reasons that follow, the Thompsons' First Motion in Limine, [R. 156-4], is **DENIED**.

### I.

### A.

The general facts of this case, though nuanced and subject to many genuine disputes, are described in the Court's prior opinion, *Ceres Protein, LLC v. Thompson Mechanical & Design*, No. 3:14-CV-00491-TBR-LLK, 2017 WL 1015855, at *1–3 (W.D. Ky. Mar. 15, 2017). Briefly, Roger Shannon and Michael Tarullo, Jr. formed Ceres Protein, LLC in 2013 to pursue business opportunities relating to repurposing "whole stillage," or distillery waste, generated by distilleries in Kentucky and Tennessee. Sometime around mid-2013, Michael Tarullo, Sr. (Michael Tarullo, Jr.'s father) and Barry Thompson, along with his son Robert Thompson, approached Roger Shannon and

Michael Tarullo, Jr. about a possible business arrangement. The trio offered to license certain intellectual property to Ceres Protein, LLC, to offer engineering support, and to contribute the capital needed during the start-up phase of the joint-venture in exchange for a membership interest in Ceres Protein, LLC. Between July and October 2013, the parties attempted to negotiate such an arrangement. However, no agreement resulted.

Following the breakdown in negotiations, the Thompsons supposedly fabricated an invoice to Ceres Protein, LLC, demanding $175,000 for work and materials related to the failed business deal. Ceres Protein, LLC claimed, however, that it never asked the Thompsons to do any work of the sort. It refused to pay the invoice.

Over next few months, the Thompsons engaged in a pattern of conduct designed—at least in Ceres Protein, LLC's estimation—to extort payment on that invoice. For example, the Thompsons wrote to a potential client of Ceres Protein, LLC, claiming that Ceres Protein, LLC had infringed on Barry Thompson's patent. The Thompsons also contacted Roger Shannon's employer, accusing him of having committed "serious ethical breaches, possible patent infringement, and fraudulent activity."

**B.**

Ceres Protein, LLC and Roger Shannon responded with this lawsuit, bringing claims for defamation and for intentional interference with a prospective business relationship. The history of that litigation is long and storied. With the prospect of trial fast approaching, the Thompsons have filed a motion *in limine* to limit Michael Tarullo, Jr.'s testimony to the information that he provided in discovery—and no more. [R. 156-4

at 1–2 (First Motion in Limine).] Ceres Protein, LLC and Roger Shannon oppose that motion. [R. 168 at 10–11 (Response).]

## II.

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings. *See Dietz v. Bouldin*, ––– U.S. –––, –––, 136 S. Ct. 1885, 1891 (2016); *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013); *Mahaney ex rel. Estate of Kyle v. Novartis Pharm. Corp.*, 835 F. Supp. 2d 299, 303 (W.D. Ky. 2011). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling *in limine* is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). Consequently, the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

## III.

The Thompsons move to prohibit Michael Tarullo, Jr. from testifying about any matter not adequately addressed in his responses to written discovery. [R. 156-4 at 2.] In support of that motion, the Thompsons point to Federal Rule of Civil Procedure 37(c),

which generally bars a party who "fails to provide information . . . as required by Rule 26(a) or (e)" from using "that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). True enough, exclusion of "undisclosed evidence is the usual remedy for noncompliance with Rule 26(a) or (e)." *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015). But that is not always the case since Rule 37(c)(1) provides the Court "with the option to order alternative sanctions 'instead of' exclusion of the late or undisclosed evidence 'on motion and after giving an opportunity to be heard'" as well. *Id.* (quoting Fed. R. Civ. P. 37(c)(1)). Under the plain language of Rule 37, then, an order of automatic exclusion is inappropriate. *See Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 784 (6th Cir. 2003) ("Rule 37(c)(1) does not compel the district judge to exclude testimony in its entirety.").

In sum, the motion requests too broad of a remedy at this juncture. If Michael Tarullo, Jr. failed to answer direct questions posed to him, then that might require some restriction on what is admissible. However, if he was not asked to answer a particular question or address a certain point, then that is a different matter. Accordingly, the Court will defer deciding the consequences, if any, of nondisclosure until presented with that question during trial—not in the context of an *in limine* ruling.

## IV.

**IT IS HEREBY ORDERED** that the Thompsons' First Motion in Limine, [R. 156-4], is **DENIED**.  In the event of noncompliance with Federal Rule of Civil Procedure 26(a) or (e), the Court will decide what sanction under Federal Rule of Civil Procedure 37(c)(1) is appropriate, if any, upon proper objection during trial.

**IT IS SO ORDERED.**

Date:

cc: Counsel of Record