# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:14-CV-00491-TBR-LLK

CERES PROTEIN, LLC, *et al.*,     Plaintiffs/Counterclaim Defendants,

v.

THOMPSON MECHANICAL &
DESIGN, *et al.*,     Defendants/Counterclaimants.

## MEMORANDUM OPINION AND ORDER

In anticipation of the approaching trial in this action, Barry and Robert Thompson, along with their Ohio partnership Thompson Mechanical & Design, have filed a motion *in limine* to exclude testimony from two potential witnesses on the basis of the attorney-client privilege. Ceres Protein, LLC and Roger Shannon oppose that motion. For the following reasons, the Thompsons' Third Motion in Limine, [R. 167], is **DENIED AS MOOT**.

### I.

### A.

The general facts of this case, though nuanced and subject to many genuine disputes, are described in the Court's prior opinion, *Ceres Protein, LLC v. Thompson Mechanical & Design*, No. 3:14-CV-00491-TBR-LLK, 2017 WL 1015855, at *1–3 (W.D. Ky. Mar. 15, 2017). Briefly, Roger Shannon and Michael Tarullo, Jr. formed Ceres Protein, LLC in 2013 to pursue business opportunities relating to repurposing "whole stillage," or distillery waste, generated by distilleries in Kentucky and Tennessee. Sometime around mid-2013, Michael Tarullo, Sr. (Michael Tarullo, Jr.'s father) and Barry Thompson, along with his son Robert Thompson, approached Roger Shannon and

Michael Tarullo, Jr. about a possible business arrangement. The trio offered to license certain intellectual property to Ceres Protein, LLC, to offer engineering support, and to contribute the capital needed during the start-up phase of the joint-venture in exchange for a membership interest in Ceres Protein, LLC. Between July and October 2013, the parties attempted to negotiate such an arrangement. However, no agreement resulted.

Following the breakdown in negotiations, the Thompsons supposedly fabricated an invoice to Ceres Protein, LLC, demanding $175,000 for work and materials related to the failed business deal. Ceres Protein, LLC claimed, however, that it never asked the Thompsons to do any work of the sort. It refused to pay the invoice.

Over next few months, the Thompsons engaged in a pattern of conduct designed—at least in Ceres Protein, LLC's estimation—to extort payment on that invoice. For example, the Thompsons wrote to a potential client of Ceres Protein, LLC, claiming that Ceres Protein, LLC had infringed on Barry Thompson's patent. The Thompsons also contacted Roger Shannon's employer, accusing him of having committed "serious ethical breaches, possible patent infringement, and fraudulent activity."

## B.

Ceres Protein, LLC and Roger Shannon responded with this lawsuit, bringing claims for defamation and for intentional interference with a prospective business relationship. The history of that litigation is long and storied. With the prospect of trial fast approaching, the Thompsons have filed a motion *in limine* to exclude testimony from two potential witnesses on the basis of the attorney-client privilege. [R. 167 at 1–6

(Third Motion in Limine).] Ceres Protein, LLC and Roger Shannon oppose that motion. [R. 176 at 1–2 (Response).]

## II.

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings. *See Dietz v. Bouldin*, ––– U.S. –––, –––, 136 S. Ct. 1885, 1891 (2016); *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013); *Mahaney ex rel. Estate of Kyle v. Novartis Pharm. Corp.*, 835 F. Supp. 2d 299, 303 (W.D. Ky. 2011). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling *in limine* is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). Consequently, the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

## III.

The Thompsons move to exclude testimony from two potential witnesses on the basis of the attorney-client privilege. [R. 167 at 1–6.] The first witness is Joe Kamer, former general counsel of Steel Technologies, LLC, which previously employed Roger

3

Shannon. [*Id.* at 1–2.] The second possible witness is Michael Tarullo, Sr., whom the Thompsons claim acted as their attorney at the relevant time. [*Id.* at 3–6.] However, Ceres Protein, LLC and Roger Shannon do not intend to question Kamer regarding any privileged topic,[1] [*see* R. 176 at 2], and will not call Michael Tarullo, Sr. as a witness at all, [*see* R. 177 (Order of May 3, 2017)]. Accordingly, the Court finds the motion to be moot.

## IV.

**IT IS HEREBY ORDERED** that the Thompsons' Third Motion in Limine, [R. 167], is **DENIED AS MOOT**. If, during the course of trial, either party wishes to elicit testimony involving a privileged matter, counsel must first approach and obtain leave from the Court.

**IT IS SO ORDERED.**

Date:

cc: Counsel of Record

---

[1] The Court assumes, *arguendo*, that Barry and Robert Thompson possess standing to assert the attorney-client privilege on behalf of a nonparty.