# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:14-CV-00491-TBR-LLK

CERES PROTEIN, LLC, *et al.*,  Plaintiffs/Counterclaim Defendants,

v.

THOMPSON MECHANICAL &
DESIGN, *et al.*,  Defendants/Counterclaimants.

## MEMORANDUM OPINION AND ORDER

In anticipation of the approaching trial in this action, Barry and Robert Thompson, along with their Ohio partnership Thompson Mechanical & Design, have filed a motion *in limine* to exclude a spreadsheet in which Roger Shannon appears to calculate Ceres Protein, LLC's anticipated profit had it secured a three-year deal with Heaven Hill Distilleries Inc. Ceres Protein, LLC and Roger Shannon oppose that motion. For the following reasons, the Thompsons' Second Motion in Limine, [R. 156-5], is **DENIED**.

### I.

### A.

The general facts of this case, though nuanced and subject to many genuine disputes, are described in the Court's prior opinion, *Ceres Protein, LLC v. Thompson Mechanical & Design*, No. 3:14-CV-00491-TBR-LLK, 2017 WL 1015855, at *1–3 (W.D. Ky. Mar. 15, 2017). Briefly, Roger Shannon and Michael Tarullo, Jr. formed Ceres Protein, LLC in 2013 to pursue business opportunities relating to repurposing "whole stillage," or distillery waste, generated by distilleries in Kentucky and Tennessee. Sometime around mid-2013, Michael Tarullo, Sr. (Michael Tarullo, Jr.'s father) and

Barry Thompson, along with his son Robert Thompson, approached Roger Shannon and Michael Tarullo, Jr. about a possible business arrangement. The trio offered to license certain intellectual property to Ceres Protein, LLC, to offer engineering support, and to contribute the capital needed during the start-up phase of the joint-venture in exchange for a membership interest in Ceres Protein, LLC. Between July and October 2013, the parties attempted to negotiate such an arrangement. However, no agreement resulted.

Following the breakdown in negotiations, the Thompsons supposedly fabricated an invoice to Ceres Protein, LLC, demanding $175,000 for work and materials related to the failed business deal. Ceres Protein, LLC claimed, however, that it never asked the Thompsons to do any work of the sort. It refused to pay the invoice.

Over next few months, the Thompsons engaged in a pattern of conduct designed—at least in Ceres Protein, LLC's estimation—to extort payment on that invoice. For example, the Thompsons wrote to a potential client of Ceres Protein, LLC, claiming that Ceres Protein, LLC had infringed on Barry Thompson's patent. The Thompsons also contacted Roger Shannon's employer, accusing him of having committed "serious ethical breaches, possible patent infringement, and fraudulent activity."

**B.**

Ceres Protein, LLC and Roger Shannon responded with this lawsuit, bringing claims for defamation and for intentional interference with a prospective business relationship. The history of that litigation is long and storied. With the prospect of trial fast approaching, the Thompsons have filed a motion *in limine* to exclude a spreadsheet in which Roger Shannon appears to calculate Ceres Protein, LLC's anticipated profit had

it secured a three-year deal with Heaven Hill Distilleries Inc. [R. 156-5 at 1 (Second Motion in Limine).] Ceres Protein, LLC and Roger Shannon oppose that motion. [R. 168 at 11 (Response).]

## II.

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings. *See Dietz v. Bouldin*, —— U.S. ——, ——, 136 S. Ct. 1885, 1891 (2016); *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013); *Mahaney ex rel. Estate of Kyle v. Novartis Pharm. Corp.*, 835 F. Supp. 2d 299, 303 (W.D. Ky. 2011). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling *in limine* is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). Consequently, the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

## III.

The Thompsons move to exclude a spreadsheet in which Roger Shannon appears to calculate Ceres Protein, LLC's anticipated profit had it secured a three-year deal with

Heaven Hill Distilleries Inc. [R. 156-5 at 1.] In support of that motion, the Thompsons argue that the spreadsheet paints an inaccurate (and unfairly prejudicial) picture because the projections include revenue from sources unrelated to Ceres Protein, LLC's hoped-for contract with Heaven Hill Distilleries Inc. [*Id.* at 2.] In the alternative, the Thompsons object insofar as Roger Shannon based the spreadsheet on facts undisclosed during discovery and posit that he likely relied on inadmissible hearsay to create it too. [*Id.* at 4.] Ceres Protein and Roger Shannon take issue with those allegations. [R. 168 at 11.] From their point of view, the Thompsons' interpretation of the spreadsheet and assessment of Roger Shannon's methodology amounts to nothing more than speculation. [*Id.*]

On the record before it, the Court cannot say who has the better argument. To the detriment of all concerned, there were no depositions taken in this action. So far as the Court is aware, the exchange of written discovery was sorely lacking as well. Therefore, the Court finds it prudent to require Ceres Protein, LLC to lay a foundation—outside the presence of the jury—before admitting any of Roger Shannon's anticipated testimony on Ceres Protein, LLC's damages. In accordance with the Court's earlier oral ruling to that effect, [*see* R. 177 (Order of May 3, 2017)], the Court will defer passing on any remaining questions raised in this motion until the conclusion of that hearing.

### IV.

**IT IS HEREBY ORDERED** that the Thompsons' Second Motion in Limine, [R. 156-5], is **DENIED**. A hearing on this matter is **SET** for <u>**May 15, 2017 at 5:00 p.m. EST**</u>. Counsel ought to be prepared to address, among other things, the following issues: (1) whether the probative value of spreadsheet is substantially outweighed by the danger

4

of unfair prejudice under Federal Rule of Evidence 403; (2) whether the factual basis of the spreadsheet was properly disclosed during discovery and, if not, whether exclusion is appropriate under Federal Rule of Civil Procedure 37(c)(1); and (3) whether the spreadsheet is inadmissible hearsay under Federal Rule of Evidence 802.

**IT IS SO ORDERED.**

Date:

cc:    Counsel of Record