# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:14-CV-00491-TBR-LLK

CERES PROTEIN, LLC, *et al.*,                    Plaintiffs/Counterclaim Defendants,

v.

THOMPSON MECHANICAL &
DESIGN, *et al.*,                                Defendants/Counterclaimants.

## MEMORANDUM OPINION AND ORDER

In anticipation of the approaching trial in this action, Ceres Protein, LLC and Roger Shannon have filed certain objections which the Court liberally construes as an omnibus motion *in limine*. Barry and Robert Thompson, along with their Ohio partnership Thompson Mechanical & Design, appear to oppose at least certain portions of that motion. For the following reasons, Ceres Protein, LLC and Roger Shannon's Second Motion in Limine, [R. 168], is **GRANTED IN PART**, **DENIED IN PART**, and **DENIED IN PART AS MOOT**.

## I.

### A.

The general facts of this case, though nuanced and subject to many genuine disputes, are described in the Court's prior opinion, *Ceres Protein, LLC v. Thompson Mechanical & Design*, No. 3:14-CV-00491-TBR-LLK, 2017 WL 1015855, at *1–3 (W.D. Ky. Mar. 15, 2017). Briefly, Roger Shannon and Michael Tarullo, Jr. formed Ceres Protein, LLC in 2013 to pursue business opportunities relating to repurposing "whole stillage," or distillery waste, generated by distilleries in Kentucky and Tennessee. Sometime around mid-2013, Michael Tarullo, Sr. (Michael Tarullo, Jr.'s father) and

Barry Thompson, along with his son Robert Thompson, approached Roger Shannon and Michael Tarullo, Jr. about a possible business arrangement. The trio offered to license certain intellectual property to Ceres Protein, LLC, to offer engineering support, and to contribute the capital needed during the start-up phase of the joint-venture in exchange for a membership interest in Ceres Protein, LLC. Between July and October 2013, the parties attempted to negotiate such an arrangement. However, no agreement resulted.

Following the breakdown in negotiations, the Thompsons supposedly fabricated an invoice to Ceres Protein, LLC, demanding $175,000 for work and materials related to the failed business deal. Ceres Protein, LLC claimed, however, that it never asked the Thompsons to do any work of the sort. It refused to pay the invoice.

Over next few months, the Thompsons engaged in a pattern of conduct designed—at least in Ceres Protein, LLC's estimation—to extort payment on that invoice. For example, the Thompsons wrote to a potential client of Ceres Protein, LLC, claiming that Ceres Protein, LLC had infringed on Barry Thompson's patent. The Thompsons also contacted Roger Shannon's employer, accusing him of having committed "serious ethical breaches, possible patent infringement, and fraudulent activity."

**B.**

Ceres Protein, LLC and Roger Shannon responded with this lawsuit. The history of that litigation is long and storied. In its current posture, Ceres Protein, LLC and Roger Shannon have a claim against the Thompsons for defamation and for intentional interference with a prospective business relationship. The Thompsons attempted to defeat those claims with several affirmative defenses at the summary judgment stage, but

the Court denied their motion. Ceres Protein, LLC and Roger Shannon elected not to file a motion for summary judgment of their own as to those defenses. Though the Thompsons once had counterclaims for unjust enrichment and *quantum meruit* against Ceres Protein, LLC, Roger Shannon, and Michael Tarullo, Jr., the Court granted summary judgment and dismissed them. Nevertheless, the Thompsons seem to want to continue to argue and present evidence as to those counterclaims—despite the Court's ruling to the contrary.

Following that series of opinions, the Court had the parties meet with a magistrate judge to attempt to settle this matter. The magistrate judge suggested a reasonable resolution, but it was rejected. The Court then had conversations with counsel too. While Ceres Protein, LLC and Roger Shannon had some flexibility regarding settlement, the Thompsons had none and did not negotiate in any meaningful manner.

The trial of this action is less than a week away. Accordingly, Ceres Protein, LLC and Roger Shannon have filed certain objections which the Court liberally construes as an omnibus motion *in limine*. [R. 168 (Second Motion in Limine).] The Thompsons appear to oppose at least certain portions of that motion. [R. 179 (Response).]

## C.

Before turning to the merits of that motion, the Court pauses to make a few observations. Over the course of this litigation, the Thompsons had numerous issues with their lawyers. Without going into detail, these issues caused several attorneys to withdraw as counsel of record. The Court allowed the Thompsons considerable time to secure new counsel, sometimes taking months at a time.

The parties elected to conduct only written discovery. There were no depositions taken. Neither side has a very good idea of what the other side will say at trial. The Court does not necessarily fault counsel for the lack of discovery: Numerous depositions would have been taken, and additional discovery could have been expensive.

Yet, the parties have flooded the Court with motions relating to evidentiary matters, including this one. These motions largely rest on speculation. Needless to say, the current posture of this case before the Court presents a nightmare in attempting to rule on the various motions. In addition, it is difficult to see how a trial can proceed in an orderly fashion since no one really knows what the evidence is except for what the parties have told their attorneys.

The Court is not critical of counsel. Discovery is not mandatory and it is expensive. However, because there was no discovery, the Court believes there will be numerous objections at trial. The Court is attempting to rule on the evidentiary motions before it. Its task is complicated, however, by the lack of an evidentiary record.

## II.

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings. *See Dietz v. Bouldin*, —— U.S. ——, ——, 136 S. Ct. 1885, 1891 (2016); *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013); *Mahaney ex rel. Estate of Kyle v. Novartis Pharm. Corp.*, 835 F. Supp. 2d 299, 303 (W.D. Ky. 2011). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary

rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling *in limine* is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). Consequently, the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

### III.

Ceres Protein, LLC and Roger Shannon take issue with a number of things included in the Thompsons' assortment of pretrial compliance filings. [R. 168 at 1–10.] But for the most part, their papers devote little more than a single sentence or two to explain each objection. [*Id.*] Perhaps understandably then, the Thompsons do not respond to every point raised in Ceres Protein, LLC and Roger Shannon's briefing. [R. 179 at 1–12.] Instead, the Thompsons focus on and oppose at least eight of Ceres Protein, LLC and Roger Shannon's objections. [*Id.*] The Court will address each of those issues in turn. To the extent the Thompsons did not respond, the Court assumes there is no opposition to Ceres Protein, LLC and Roger Shannon's objections.

### A.

First, Ceres Protein, LLC and Roger Shannon object to the introduction of an exhibit titled "MSD Schedule of Rates, Rentals & Charges," along with associated testimony from a "representative of Louisville-Jefferson Co. MSD," as untimely disclosed and irrelevant. [R. 168 at 4, 10; *see also* R. 181 at 10–11 (Reply).] Although

seemingly conceding the timeliness issue, the Thompsons anticipate that those things will become relevant to rebut Roger Shannon's anticipated testimony on Ceres Protein, LLC's alleged damages. [R. 179 at 1–2.] Be that as it may, the Court has already determined that Ceres Protein, LLC must lay a foundation outside the presence of the jury before admitting Roger Shannon's testimony. [*See* R. 177 (Order of May 3, 2017); R. ___ (Memorandum Opinion).] Accordingly, the Court defers ruling on this objection until the conclusion of that hearing. The parties should be prepared to address the timeliness and relevance of this proposed evidence.

**B.**

Second, Ceres Protein, LLC and Roger Shannon object to the introduction of numerous documents from Vincent Corporation on relevance grounds. [R. 168 at 4; *see also* R. 181 at 10–11.] The Thompsons seem to conflate that objection with Ceres Protein, LLC and Roger Shannon's more general objection to the propriety of various third-party subpoenas. [R. 179 at 2–4.] On account of that, the Thompsons do not address the relevance issue. Therefore, the Court defers deciding that question until presented with more developed arguments before trial.

**C.**

Third, the Thompsons construe Ceres Protein, LLC and Roger Shannon's papers as objecting to the introduction of documents from Purina Land 'o Lakes. [*Id.* at 4.] In their reply, Ceres Protein, LLC and Roger Shannon clarify that neither asks for such an order. [R. 181 at 11.] Therefore, the Court considers this point moot.

**D.**

Fourth, the Thompsons take the opportunity to reply to arguments against their outstanding motion *in limine* concerning Roger Shannon's anticipated testimony. [R. 179 at 4–6; *see also* R. 156-5 (Second Motion in Limine).] As discussed earlier, the Court has already determined that Ceres Protein, LLC must, among other things, lay a foundation outside of the presence of the jury before eliciting testimony on Ceres Protein, LLC's alleged damages. Accordingly, the Court defers resolution of all associated questions until the conclusion of that hearing.

**E.**

Fifth, Ceres Protein, LLC and Roger Shannon object to the introduction of testimony from Heather Dalton Tinsley (the wife of Michael Tarullo, Jr. during the relevant period of time) due to nondisclosure. [R. 168 at 9–10; *see also* R. 181 at 12.] Again, the Thompsons appear to concede the timeliness issue. [R. 179 at 6.] It appears to the Court that Tinsley was never disclosed as a witness until just before trial. Moreover, the Thompsons do not adequately proffer what her expected testimony would be and why it would not be duplicative of the testimony from other anticipated witnesses. Absent some change in circumstances, the Court will preclude the parties from calling Tinsley as a witness.

**F.**

Sixth, Ceres Protein, LLC and Roger Shannon object to the following designation from the Thompsons' witness list: "Rule 30(b)(6) representatives of the person identified on the attached." [R. 168 at 10 (quoting R. 156-3 at 2, ¶ 23 (Thompsons' Witness List)).] There is nothing attached to the witness list and, therefore, Ceres Protein, LLC and Roger

Shannon submit that the designation "makes no sense." [*Id.*] Though the Thompsons attempt to explain to whom that designation refers, [*see* R. 179 at 7], the Court finds the whole thing puzzling. The Court is very concerned about any witness not previously disclosed during discovery. However, the Court defers resolving this issue until trial.

### G.

Seventh, Ceres Protein, LLC and Roger Shannon object to the designation of their attorney, Casey Hinkle, as a witness. [R. 168 at 10; *see also* R. 181 at 12–13.] The Thompsons defend that move. [R. 179 at 7.] In principal part, they argue that that Hinkle (as the registered agent of Ceres Protein, LLC) likely possesses some knowledge relevant to the factual background of this dispute. [*Id.*]

Be that as it may, Ceres Protein, LLC and Roger Shannon's objection is well taken. The Thompsons have failed to show a compelling justification for Hinkle's testimony. There is little to no likelihood that she possesses any relevant, non-privileged information unattainable from other sources. *Cf. United States v. Atman*, 145 F.3d 1333, 1998 WL 211767, at *4 (6th Cir. 1998) (unpublished table decision). If the Court were to permit the Thompsons to call Hinkle as a witness, the prejudice to Ceres Protein, LLC and Roger Shannon seems all too obvious. *See Kittel v. C-Plant Fed. Credit Union*, No. 5:08-CV-00114-R, 2010 WL 292689, at *3 (W.D. Ky. Jan. 20, 2010). In sum, the Thompsons may not call opposing counsel to testify during the trial of this action.

### H.

Lastly, Ceres Protein, LLC and Roger Shannon object to opposing counsel referring to various defenses during his opening statement since, according to them, the Court rejected those defenses some months ago. [R. 168 at 6–9; *see also* R. 181 at 1–9.]

The Thompsons take issue with that reading of the Court's opinions. [R. 179 at 7–12.] The Thompsons do so for good reason.

In a nutshell, Ceres Protein, LLC and Roger Shannon attempt to equate denying summary judgment on basis of an affirmative defense to granting summary judgment dismissing that defense as a matter of law. But that is not the case. Had Ceres Protein, LLC and Roger Shannon filed a cross-motion for summary judgment on the pleaded defenses, then the Court would have had the occasion to pass upon them. However, Ceres Protein, LLC and Roger Shannon did no such thing. To the detriment of all concerned, there were no depositions taken in this action, and the exchange of written discovery was sorely lacking as well. It is impossible to tell what proof might come out during trial. In these circumstances, the relief Ceres Protein, LLC and Roger Shannon seek is akin to a directed verdict. Yet, that relief—however appropriate at the end of trial—is premature before the start of it.

## IV.

**IT IS HEREBY ORDERED** that Ceres Protein, LLC and Roger Shannon's Second Motion in Limine, [R. 168], is **GRANTED IN PART**, **DENIED IN PART**, and **DENIED IN PART AS MOOT**.

**IT IS SO ORDERED.**

Date:

cc: Counsel of Record